612 F.2d 1057
 Silas K. BROWN, Community Thrift Club, Inc., a
not-for-profit organization, and Rev. James
Murphy, Plaintiffs-Appellants,
v.
Ronald E. STACKLER, Superintendent, Department of
Registration and Education, Bernard Carey, State's
Attorney, and William J. Scott, Attorney
General, Defendants-Appellees.
 No. 78-2503.
 United States Court of Appeals,
Seventh Circuit.
 Argued Nov. 9, 1979.
Decided Jan. 21, 1980.
 
 1
 Michael G. Stein, Chicago, Ill., for plaintiffs-appellants.
 
 
 2
 Stuart D. Gordon, Asst. State's Atty., Charles J. Pesek, Sp. Asst. Atty. Gen., Chicago, Ill., for defendants-appellees.
 
 
 3
 Before SPRECHER, CUDAHY, Circuit Judges, and DUMBAULD, Senior District Judge.*
 
 
 4
 DUMBAULD, Senior District Judge.
 
 
 5
 The Court, having read the briefs, considered the record, and heard oral arguments on behalf of the parties, concludes that the judgment of the District Court should be affirmed.
 
 
 6
 The only issue relates to counsel fees. The law is plain. In Alyeska Pipeline Co. v. Wilderness Society, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), the Supreme Court reaffirmed the "American Rule" that counsel fees are ordinarily allowed only pursuant to statute. Congress in response, by the act of October 19, 1976, 90 Stat. 2641, amended 42 U.S.C. 1988 to provide that in a civil rights case "the court, in its discretion, May allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." (Emphasis supplied).
 
 
 7
 As the District Court noted, most of appellant's court work consisted of motions for extension of time. The six-page complaint raised an issue which everyone knew would be controlled by the results of litigation pending in other courts.
 
 
 8
 Appellant simply awaited the outcome of Va. Pharmacy Board v. Consumer Council, 425 U.S. 748, 762, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976), which led to a favorable disposition of appellant's case involving price advertising of eyeglasses.
 
 
 9
 Plaintiff's complaint under 42 U.S.C. 1983 sought to enjoin enforcement on the ground of unconstitutionality of Illinois statutes prohibiting the advertisement of the prices charged for dispensing prescription eyeglasses.[1] Named as defendants were the Superintendent of the Illinois Department of Registration, the Attorney General of Illinois, and the State's Attorney of Cook County.
 
 
 10
 The only relief sought was to enjoin enforcement of the Illinois statute. As a practical matter, there was little danger of adverse action by defendants during the pendency of the litigation in the Supreme Court which finally resulted in an outcome favorable to plaintiffs' position. In fact the District Court denied plaintiffs' motion for a restraining order because of lack of emergency. That court held defendants' motion to dismiss under advisement until the Supreme Court's decision in the Virginia case, and then entered judgment for plaintiffs, holding the prohibition of price information unconstitutional.
 
 
 11
 Under the 1976 amendment authorizing award of attorney's fees in this type of case, the courts ordinarily approve a suitable fee as a matter of course. Under ordinary circumstances an appropriate fee would be awarded routinely. As a matter of fact, in the case at bar, under the District Court's order of April 4, 1977, enjoining enforcement of the statute, leave was given to file a petition for attorney's fees.
 
 
 12
 It was then that appellants' counsel submitted a claim which was so intolerably inflated that the District Court was warranted in departing from the usual practice and reacting vigorously to prevent such abuse of the court's authority to award reasonable compensation to counsel.
 
 
 13
 Appellants' counsel claimed over 800 hours of billable time. Manifestly it was utterly unreasonable to expend that amount of time on a plain and simple case, which would almost automatically be disposed of by the decision in the Virginia case whose determination was being awaited.
 
 
 14
 Appellants' counsel admits that much of whatever research was done was done by law students helping him on a volunteer basis. Little legal skill was involved, since the Virginia case was controlling and its pendency was known. The District Court, finding appellants' claim outrageously excessive, denied fees entirely. Such denial is an entirely appropriate, and hopefully effective, means of encouraging counsel to maintain adequate records and submit reasonable, carefully calculated, and conscientiously measured claims when seeking statutory counsel fees.
 
 
 15
 As previously noted, the applicable statute provides that the court in its discretion May allow counsel fees. As Chief Justice Thomas McKean of Pennsylvania once remarked on a memorable occasion "may" sometimes means "won't." See Lynchburg Foundry v. Patternmakers L. of N. Am., 597 F.2d 384, 387-88 (C.A.4, 1979). The present extraordinarily aggravated situation is an appropriate occasion for giving the word that unusual meaning.
 
 
 16
 The statute here involved entrusts to the District Court discretion to determine the Quantum of the fee to be awarded. Small as well as large fees are permissible. The court's discretion to determine the amount may in an appropriate case approach zero as a limit. Where, as here, the claim is obviously inflated to an intolerable degree, the remedy is plain, and the District Court properly pursued it.
 
 
 17
 If, as appellant argues, the Court were required to award a reasonable fee when an outrageously unreasonable one has been asked for, claimants would be encouraged to make unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked for in the first place. To discourage such greed a severer reaction is needful, and the District Court responded appropriately in the case at bar.
 
 
 18
 Accordingly, the Clerk of this Court is directed to enter judgment of affirmance.
 
 
 
 *
 The Honorable Edward Dumbauld, Senior District Judge of the United States District Court for the Western District of Pennsylvania, sitting by designation
 
 
 [1]
 Such statutes had been upheld in Williamson v. Lee Optical Co., 348 U.S. 483, 489-90, 75 S.Ct. 461, 99 L.Ed. 563 (1955); and Head v. New Mexico Board of Examiners, 374 U.S. 424, 428, 83 S.Ct. 1759, 10 L.Ed.2d 983 (1963). The First Amendment had not been invoked in those cases