Maxwell H. GLUCK and Muriel Gluck, Plaintiffs-Appellees,

v.

AMERICAN PROTECTION INDUSTRIES, INC., etc., et al., Defendants-Appellants.

No. 78–2239.

United States Court of Appeals, Ninth Circuit.

May 12, 1980.

Rehearing Denied June 4, 1980.

Joel N. Klevens, Los Angeles, Cal., argued for defendants-appellants; Robert M. Turner, Los Angeles, Cal., on brief.

James C. Powers, Los Angeles, Cal., Young, Conaway, Stargatt & Taylor, Wilmington, Del., for plaintiffs-appellees.

Before SNEED and FERGUSON, Circuit Judges, and SMITH,* District Judge.

FERGUSON, Circuit Judge.

Defendants appeal the district court's award of attorneys' fees to plaintiffs' attorneys. While conceding that plaintiffs' attorneys are entitled to certain fees, defendants contend that the court abused its discretion in failing to set forth the factors considered in making its award. Defendants also contend that the trial court improperly awarded fees for time spent litigating the fee award, for costs relating to the transfer of this action from Delaware to California, and for the services of an attorney who did not maintain time records. We affirm.

* The Honorable Russell E. Smith, Senior United States District Judge for the District of Montana, sitting by designation.

## I.

This action arose from the attempted merger of American Protection Industries, Inc. ("API") and Corelo Services Corporation, a holding company for the majority of API shares. Pursuant to that merger, the shares of API stock owned by public shareholders were to be purchased and API was to become a closely held corporation. Plaintiffs, who are public shareholders of API, filed suit to enjoin the merger on the ground that the $3.50 purchase price per share was inadequate. As a result of the litigation, plaintiffs received $8.80 per share instead of the $3.50 originally offered when the merger eventually occurred in March, 1976. There being 35,114 publicly owned shares, the public shareholders received an aggregate $186,104.20 more than they would have received under the first merger agreement.

■ Prior to the disbursement of the $186,104.20 to the public shareholders, plaintiffs' attorneys asked defendants to make a commitment that they would not contend that "disbursement of funds to shareholders pursuant to the presently contemplated merger in any way affects the right of plaintiffs' attorneys to recover fees from API and Corelo . . . ." By making this commitment defendants assumed the obligation to pay attorneys' fees; they do not contend otherwise.

The district court awarded $34,700 in fees and $6,108.38 in costs to plaintiffs' attorneys. The award was precisely the amount requested by plaintiffs' attorneys. In so doing, the trial court awarded fees for time spent in preparing and presenting the fee applications, for time spent opposing defendants' motion to transfer venue, and for the services of an attorney who did not maintain time records.

## II.

■ Prior to the agreement between the parties that defendants would assume the obligation to pay attorneys' fees, any right of plaintiffs' attorneys to recover fees was an equitable one that derived from the fund of $186,104.20 that they created for the public shareholders of API. *See generally City of Detroit v. Grinnell Corp.*, 560 F.2d 1093 (2d Cir. 1977); *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759 (9th Cir. 1977). Once defendants assumed the obligation to pay fees, however, the basis of the award became contractual. As a result, the trial court was not bound in making a fee award by the principles applicable to equitable fund attorneys' fees cases. It was, therefore, within the discretion of the trial court judge to award fees for time spent litigating the fee award. *Cf. Prandini v. National Tea Co.*, 585 F.2d 47 (3d Cir. 1978) (equitable fund rule prohibiting fees for time spent litigating fee award is inapplicable where defendants paid attorneys' fees so that the attorneys' and clients' interests were not in conflict).

## III.

■ It is well settled that an award of attorneys' fees is a matter within the discretion of the district court, and that an award of attorneys' fees cannot be disturbed on appeal absent a showing of abuse of discretion. *Seymour v. Hull & Moreland Engineering*, 605 F.2d 1105, 1116 (9th Cir. 1979); *Jacobson v. Rose*, 592 F.2d 515, 521 (9th Cir. 1978), *cert. denied*, 442 U.S. 930, 99 S.Ct. 2861, 61 L.Ed.2d 298 (1979); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69 (9th Cir. 1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976).

However, we have held in statutory attorneys' fees cases that it is an abuse of discretion for district court judges to fail to consider the guidelines for making fee awards initially set forth by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and adopted by this court in *Kerr v. Screen Extras Guild, Inc., supra. See, e. g., Seymour v. Hull & Moreland Engineering, supra; Fountila v. Carter*, 571 F.2d 487 (9th Cir. 1978). Where a trial judge has failed to consider these factors, we have remanded for findings of fact and conclusions of law regarding the factors considered in making the fee award.

Remand for reconsideration is unnecessary in this case for two reasons. First, courts have required consideration of *Johnson*-type guidelines in statutory and equitable fund attorneys' fees cases where the law authorizes the allowance of a discretionary award of attorneys' fees by the trial court. *See, e. g., Harkless v. Sweeny Independent School District*, 608 F.2d 594 (5th Cir. 1979); *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102 (3d Cir. 1976); *In re Equity Funding Corp. of America Securities*, 438 F.Supp. 1303 (C.D.Cal.1977). The award here is not a fee awarded pursuant to a federal statute or equitable fund, but rather is the valuation of a contractual obligation between plaintiffs' attorneys and defendants. *See Adams, George, Lee, Schulte, & Ward v. Westinghouse*, 597 F.2d 570, 574 (5th Cir. 1979). Second, because the fee awarded corresponds to the amount requested by plaintiffs' attorneys, the correlation between the evidence presented and the amount awarded is apparent from the record. *See Buxton v. Patel*, 595 F.2d 1182, 1185 n.2 (9th Cir. 1979); *Kerr v. Screen Extras Guild, Inc., supra*, 526 F.2d at 69.

### IV.

The trial court did not abuse its discretion in awarding fees to plaintiffs' attorneys for time spent litigating an unsuccessful opposition to defendants' motion to transfer as this work was reasonably calculated to advance plaintiffs' interest. *See Stanford Daily v. Zurcher*, 64 F.R.D. 680 (N.D.Cal.1974), *reversed on other grounds*, 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978). Nor was it an abuse of discretion to award fees to Eugene Roth despite his failure to produce time records. We cannot say that the information before the trial court regarding the nature and extent of Mr. Roth's services was so inadequate that the trial court's reliance thereon in making the fee award constituted an abuse of discretion. *See Harkless v. Sweeny Independent School District, supra*, 608 F.2d at 597.

Plaintiffs' attorneys contend that they are entitled to fees for time spent litigating the fee award on appeal. The cases cited in support of this proposition, however, involve statutory fee awards. *See, e. g., Prandini v. National Tea Co., supra*. These cases are inapplicable as the fees here are contractually and not statutorily based. Because plaintiffs' attorneys have offered no independent basis for a fee award on appeal, and because we do not interpret the agreement of the parties to encompass such fees, the request for fees on appeal is denied.

The fee award of the district court is AFFIRMED.