Stanley Paul **FARRIS** et al., Plaintiffs,

v.

Gene **COX** et al., Defendants.

No. C 80–1385 SW.

United States District Court, N. D. California.

Feb. 10, 1981.

Redwood Legal Assistance, Eureka, Cal., Schear, Sorensen, Strickman & Tooby, Oakland, Cal., for plaintiffs; San Francisco Neighborhood Legal Assistance Foundation, San Francisco, Cal., of counsel.

Mitchell, Dedekam & Angell, Eureka, Cal., for defendants.

## MEMORANDUM OF DECISION AND ORDER

SPENCER WILLIAMS, District Judge.

Plaintiffs' motion for an order setting reasonable attorneys' fees came on for a hearing on December 17, 1980. This motion was thoroughly and excellently briefed, and the court carefully considered the briefs and arguments of counsel, as well as the documentation attached to plaintiffs' moving papers. At the conclusion of oral argument, the court took this matter under submission. After further review of all documents and briefs, the court, in its discretion, hereby awards the plaintiffs reasonable attorneys' fees as part of the costs. The following constitutes the court's determination as to the amount which reflects a reasonable fee in this case.

### FACTUAL BACKGROUND

This action was brought as a class action on behalf of inmates of the Humboldt County Jail. The complaint alleged that jail officials placed the plaintiffs in isolation, deprived them of access to hygiene and recreation, and generally violated their constitutional right of due process. In May the court certified the class pursuant to Fed.R.Civ.P. 23(b)(2) as to injunctive and declaratory relief. Subsequently the parties settled this case and on October 21, 1980 the court tentatively approved the terms of the settlement. After a fairness hearing on December 2, 1980, the court finally approved the settlement, finding it fair, reasonable and adequate.

Pursuant to the settlement agreement, plaintiffs secured a partial victory. Prisoners in the county jail are now entitled to a *preliminary* hearing before any disciplinary action is taken, except in "emergencies" when a hearing must be held within 72 hours. Additionally an inmate who is the subject of disciplinary measures is now entitled to written notice of the charges. Plaintiffs did not prevail, however, on either their large claims for money damages or their request for a preliminary injunction.

The settlement agreement contains a provision for the awarding of attorneys' fees and costs. In this case, the plaintiffs' lawyers, Redwood Legal Assistance and other associated firms, meticulously itemized 372.8 hours compensated at variable rates between $125 and $75 for attorneys and $10 for a law student. In total, plaintiffs have requested attorneys' fees of $31,955.00 and costs of $1,780.23. This court must now determine what amount constitutes a reasonable fee for the work performed in this case.

### LEGAL STANDARDS

The Civil Rights Attorneys' Fees Awards Act of 1976, 42 U.S.C. § 1988 provides in pertinent part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 . . ., the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs.

Section 1988 was intended to effectuate the strong federal policy in fully redressing civil rights violations by enabling litigants to obtain competent counsel.[1] While the award is not to be used to make the attor-

---

1. *Torres v. Sachs*, 538 F.2d 10, 12 (2d Cir. 1976); *Imprisoned Citizens Union v. Shapp*, 473 F.Supp. 1017, 1028 (E.D.Penn.1979); Meyer, The Social Utility of Class Actions, 42 Brooklyn L.Rev. 189, 202 (1975).

neys "rich," it must nevertheless be "sufficient to make such representation financially attractive to highly qualified attorneys."[2]

The federal appellate courts, recognizing the difficulty of weighing the factors relevant to the determination of reasonable fees, grant federal district courts wide discretion in setting attorneys' fees.[3] While the award is within the discretion of the trial judge, the fact that plaintiffs' counsel is a legal services organization supported by public funds is irrelevant in determining the proper amount.[4]

In setting a reasonable attorneys' fee under section 1988, the court is guided by the criteria enumerated in the well-known case of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[5] In applying those criteria, the court first determines the number of hours devoted by counsel to the services of the class. Second, the court establishes a fair, normal, hourly charge, recognizing differentials depending on the experience, standing and skill of each lawyer. Finally, adjustments should be made upwards or downwards to reflect the complexity and superior representation, if any, present in the case.[6]

### A. Hours Worked

Petitioning attorneys presented detailed time records of the hours expended indicating the nature of the particular work done by each lawyer. The court acknowledges the care demonstrated in the plaintiffs' presentation itemizing the hours worked and the services rendered on behalf of the class herein.

The documents before the court reveal that several lawyers from three different organizations worked on this case. The case was largely conducted by the Redwood Legal Assistance group (hereinafter "Redwood") which submitted the time sheets of three lawyers who claimed a total of 314.3 hours. Redwood utilized the services of the San Francisco Neighborhood Legal Assistance Foundation for nine hours of local appearances in order to minimize expenses. Finally, Redwood engaged the services of the Oakland firm of Schear, Sorensen, Strickman & Tooby (hereinafter "Schear") for the sole purpose of preparing this fee petition. The Schear firm requests compensation for 49.5 attorney and law clerk hours.

Defendants do not challenge the accuracy of the time records submitted by plaintiffs' attorneys but rather contend that the attorneys spent an unreasonable number of hours on the case. With the following exceptions, this court disagrees.

It is a fundamental principle in cases involving requests for attorneys' fees that

2. *Lockheed Minority Solidarity Coalition v. Lockheed Missiles and Space Co.*, 406 F.Supp. 828, 830 (N.D.Cal.1976).

3. *Gluck v. American Protection Industries, Inc.*, 619 F.2d 30, 32 (9th Cir. 1980); *Kelly v. Guinn*, 456 F.2d 100, 111 (9th Cir. 1972), *cert. denied* 413 U.S. 919, 93 S.Ct. 3048, 37 L.Ed.2d 1041 (1973).

4. *Dennis v. Chang*, 611 F.2d 1302, 1306 (9th Cir. 1980); Note, Awards of Attorney's Fees to Legal Aid Offices, 87 Harv.L.Rev. 411 (1973).

5. The factors are:
   1. The time and labor required.
   2. The novelty and difficulty of the questions.
   3. The skill requisite to perform the legal service properly.
   4. The preclusion of other employment by the attorney due to acceptance of the case.
   5. The customary fee.
   6. Whether the fee is fixed or contingent.
   7. Time limitations imposed by the client or the circumstances.
   8. The amount involved and the results obtained.
   9. The experience, reputation, and ability of the attorneys.
   10. The "undesirability" of the case.
   11. The nature and length of the professional relationship with the client.
   12. Awards in similar cases.
   *Id.*, 488 F.2d 714, 717–19; The Ninth Circuit apparently has adopted the *Johnson* factors. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir. 1975), *cert. denied* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976).

6. For an excellent discussion of the attorneys' fees question in general, see 7A Wright & Miller, Federal Practice & Procedure, § 1803 supp. (1980 ed.); A. Miller, Attorneys' Fees in Class Actions (Federal Judicial Center, 1980) (hereinafter "Miller").

the court should not grant compensation for unnecessary work.[7] An obvious corollary to this rule is that unnecessary duplication of efforts by petitioning attorneys is not properly the basis of a fee award.[8]

This court has carefully analyzed the submitted time sheets and finds duplication of efforts on two occasions. First, the plaintiffs have triple-billed for appearances by three Redwood lawyers at the June 9, 1980 deposition of defendant Clyde Lee. While the court is willing to accept the explanation proffered by the plaintiffs that this deposition was essential to the case and that all lawyers in the office desired to observe the testimony, assessing charges against the defendants for this duplication is unreasonable. Accordingly, the petitions of attorneys Golden and Hendry are reduced by 3.75 hours respectively.

Second, three lawyers for the plaintiffs appeared at the April 30, 1980 hearing on the motion for a preliminary injunction. While the appearances of *two* Redwood lawyers are arguably justified because of the magnitude of the proceeding, the presence of Mr. Feller from the San Francisco Legal Assistance Foundation was unnecessary. Plaintiffs' decision to utilize local attorneys for court appearances to save on travel costs from Eureka is admirable. However, such a device loses its utility when the Redwood group is represented by not one but two lawyers of its own. Therefore, the petition of the San Francisco group is reduced by 1.5 hours.

Finally, the time sheets submitted in this case reveal that plaintiffs' attorneys expended an excessive number of hours preparing their fee applications. By the court's most conservative estimate, the lawyers claim 76.1 hours for preparation of their records and memorandum of points and authorities,[9] an obviously inflated figure which comprises more than twenty percent of hours spent on the entire case. As such, this request represents a clear case of overreaching by the petitioning lawyers.

Clearly, the court has an obligation to scrutinize the hours spent preparing fee petitions to insure that the total is reasonable and that it does not represent a windfall for the attorneys.[10] In fact, several courts flatly reject the concept of billing hours for time spent preparing fee applications at all, soundly reasoning that resolution of fees issues "inures only to the benefit of counsel, as distinguished from the plaintiff class." [11] As such, services rendered solely for the purpose of securing fees are not compensable.[12]

While an award for time spent on fees issues is singularly inappropriate in common

---

7. See Canon 2 of the Code of Professional Responsibility of the American Bar Association, Disciplinary Rule 2–106; Miller, *supra*, at 353–60.

8. Miller, *supra*, at 8–9; *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974); *Stanford Daily v. Zurcher*, 64 F.R.D. 680 (N.D.Cal.1974) *rev'd on other grounds*, 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978).

9. The court has reached this total utilizing its most conservative estimate. Plainly the 49.5 hours billed by the Schear firm represents time spent exclusively on this fees petition. Moreover, Mr. Golden and Mr. Hendry billed 1.5 and 1.2 hours, respectively, for preparation of their time records. Finally, Mr. Lowe apparently spent at least 23.9 hours preparing the group's fee petition. Some of the entries on Mr. Lowe's time sheets reveal work on both this petition and preparation for final judgment. The court is willing to give petitioner the benefit of the doubt and only includes those hours spent exclusively on preparation for this fees hearing.

10. Miller, *supra*, at 7.

11. *City of Detroit v. Grinnell Corporation*, 560 F.2d 1093, 1102 (2d Cir. 1977); *In Re Equity Funding Corp. of American Securities*, 438 F.Supp. 1303, 1330 n.36 (C.D.Cal.1977); *Clanton v. Allied Chemical Corp.*, 416 F.Supp. 39, 43 (E.D.Va.1976); *Contra Miller v. Amusement Enterprises, Inc.*, 426 F.2d 534, 539 (5th Cir. 1970); *Stanford Daily v. Zurcher, supra*, n.8.

12. *Clanton v. Allied Chemical Corp.*, 416 F.Supp. 39, 43 (E.D.Va.1976); The court cannot help but note that the practice of class action attorneys recovering for hours spent billing hours is similar to the tale of the child who killed his parents then complained because he wasn't invited to the orphans' picnic.

fund cases because such efforts do not benefit the class,[13] this rationale is less persuasive where fees are provided for by a settlement agreement.[14] When defendants pay plaintiffs' attorneys' fees directly, such as done in the present case, section 1988 permits a nominal award for charges reasonably incurred in preparing time sheets. However, these compensable hours must be strictly limited so as to discourage attorneys from spending an excessive amount of time on the fee petition itself when, in fact, these hours are spent solely for their own benefit. Moreover, billing hours typically are treated as an item of the attorney's overhead and absorbed as an operating cost by the petitioning firm.[15]

In cases involving statutory fee requests to the prevailing party in a class action, the parties present time records and a short memorandum of controlling law. To perform this routine task, the Redwood group curiously and, in this court's opinion unnecessarily, engaged the services of the Schear firm in Oakland to prepare a boiler-plate "Memorandum Brief on Setting Reasonable Attorneys' Fees."[16] Under the circumstances, the Schear firm's request for payment of 49.5 attorney hours allegedly spent preparing and reviewing this short brief and routine declarations of the Redwood lawyers is patently unreasonable. Further, in light of its decision to delegate this project, Redwood's request for 26.6 attorney hours represents a grossly inflated claim which cannot stand.

Even in civil rights cases, fees may be denied in their entirety when petitioning lawyers are guilty of overreaching in seeking outrageously unreasonable fees.[17] Section 1988 provides that a court "in its discretion, *may* allow the prevailing party" reasonable attorneys' fees as part of the costs. The present situation is an appropriate occasion for the court to exercise its discretion and deny *all* fees relating to work on the fee petition because the request here represents a grossly inflated bill.

As the court in *Brown v. Stackler*, 612 F.2d 1057 (7th Cir. 1980) stated:

> If, as appellant argues, the Court were required to award a reasonable fee when an outrageously unreasonable one has been asked for, claimants would be encouraged to make unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked for in the first place.[18]

To discourage such overreaching and curb the practice of padding fee requests, the appropriate remedy in this case is to deny compensation for the 76.1 hours billed for work on the fee petition.

### B. The Hourly Charge

■ In determining a reasonable hourly fee, the court must compare the request with fees commanded by other attorneys of equivalent experience, expertise and reputation in the community involved.[19] The

---

13. See cases cited note 11, *supra.*

14. *See, Gluck v. American Protection Industries, Inc.*, 619 F.2d 30, 33 (9th Cir. 1980); *Prandini v. National Tea Co.*, 585 F.2d 47, 52–53 (3d Cir. 1978).

15. Miller, *supra*, at 348.

16. After careful review of several authorities on the subject of awarding statutorily granted fees in class actions, the court is convinced that the fee application hearing is not designed to be an adversarial process, but rather an informational aid to the court in determining reasonable fees in the case. While the *Johnson* case recognizes subjective factors to be taken into account when determining fees, adversarial briefs on the subject are both inappropriate

and unnecessary. In this case, the trial court has been able to personally observe a large amount of the attorneys' work product and was able to identify the difficult aspects of the litigation. While time sheets are essential to accomplish this task, the hours billed in this case are clearly excessive for performing this uncomplicated task.

17. *Brown v. Stackler*, 612 F.2d 1057 (7th Cir. 1980).

18. *Id.* at 1059.

19. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 719 (5th Cir. 1974).

court may also take into account the rate at which the defendants' attorneys charged their services for comparable work.[20]

■ Redwood seeks compensation for Mr. Lowe at $125.00 per hour, and $75.00 for Mr. Golden and Mr. Hendry. Mr. Lowe has impressive credentials with over 17 years of trial experience, many of them in the field of civil rights litigation. The group submitted an affidavit of a local Eureka attorney who indicates that an attorney of Mr. Lowe's experience could command between $100.00 and $125.00 per hour, while the charge for Golden and Hendry is also within a normal range.

Defendants challenge the plaintiffs' attorneys' hourly rate as excessive for attorneys of their experience. They point out that Clifford Mitchell, the senior partner in their Oakland defense firm, also has 17 years of trial experience and similar achievements, and charged only $60.00 an hour for services rendered in this case. Additionally, Mr. Reinholtsen, the main litigator in this action, has been a lawyer for eight years and he billed his client only $55.00 per hour.

Based on this court's experience and awards in similar cases in this district, the court finds that Mr. Lowe is entitled to a fee of $100.00 per hour and Mr. Golden and Mr. Hendry $70.00. These figures represent a fair and reasonable rate for attorneys of similar experience in their community.

Similarly, plaintiffs seek compensation for the services of Mr. Feller at $75.00 per hour. He has been a member of the California Bar since 1976 and made San Francisco appearances for the Redwood group. Pursuant to the same reasoning governing the rates for Mr. Golden and Mr. Hendry, this court finds that a reasonable fee for attorney Feller is $70.00 per hour.

### C. Adjustments to the Award

Plaintiffs suggest that the difficulty of the legal issues presented by this case, the risk of the litigation and the quality of the attorneys' work justifies adjusting the fee award upward. The court disagrees.

■ The court has carefully analyzed this case in light of the factors listed in the *Johnson* case,[21] and concludes that an upward multiplier is inappropriate. While the case was an important one, it had many predecessors involving substantially the same issues.[22] The issues here were neither novel nor particularly complex. There was no long and complicated trial, but rather a clear prima facie case established by the defendants' own records. Moreover, the risk involved in this litigation was not high. The complaint was filed on April 15, 1980 and a settlement was negotiated just seven months later.

The law of this circuit requires that the amount of the award must be proportionate to the extent to which the plaintiffs prevailed in the lawsuit.[23] The plaintiffs

---

20. *See, Miller v. Mackey Intern., Inc.*, 70 F.R.D. 533, 537 (S.D.Fla.1976).

21. See note 5, *supra.*

22. *See, e. g., Baxter v. Palmigiano*, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976); *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *McKinnon v. Patterson*, 568 F.2d 930 (2d Cir. 1977) *cert. denied,*

434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978).

23. *Molina v. Richardson*, 578 F.2d 846, 854 n.16 (9th Cir. 1978), *cert. denied,* 439 U.S. 1048, 99 S.Ct. 724, 58 L.Ed.2d 707; *Schaeffer v. San Diego Yellow Cabs, Inc.*, 462 F.2d 1002, 1008 (9th Cir. 1972).

achieved an admirable result. Prisoners at the county jail are now effectively secured their due process right to a preliminary hearing before disciplinary action. However, the result is not extraordinary, and the fee award should reflect this fact.

Considering all relevant factors to the prosecution of this lawsuit, the court, in its discretion, declines to apply a multiplier either upward or downward in this case.

D. *Calculation of the Award*

██ Calculation of the adjustments contained in this opinion yields the following results:

| Individual | Adjusted Hours | Rate Per Hour | Award |
|---|---|---|---|
| David Lowe | 79.70 | $100.00 | $7,970.00 |
| Richard Hendry | 127.85 | $ 70.00 | $8,949.50 |
| Michael Golden | 72.60 | $ 70.00 | $5,082.00 |
| Fred Feller | 7.50 | $ 70.00 | $ 525.00 |

The awards, therefore, are $22,001.50 to the Redwood Legal Assistance group and $525.00 to the San Francisco Neighborhood Legal Assistance Foundation. These totals are also to include the amount of $270.48 in expenses incurred by the Redwood group.

IT IS SO ORDERED.