**Fred VOCCA, Plaintiff,**

v.

**PLAYBOY HOTEL OF CHICAGO, INC., Defendant.**

**No. 79 C 1811.**

United States District Court, N. D. Illinois, E. D.

Aug. 17, 1981.

Anthony Intini, III, Chicago, Ill., for plaintiff.

Herbert L. Borovsky and Howard L. Mocerf, Chicago, Ill., for defendant.

## MEMORANDUM

LEIGHTON, District Judge.

This action is before the court on plaintiff's motion for an award of costs and attorneys' fees. Plaintiff's complaint had alleged that he had been discharged from employment by Playboy because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* A settlement was eventually agreed to, the terms of which are irrelevant for the purposes of the motion now before the court. Playboy claims that it agreed to settle solely because it wished to avoid the cost of continued litigation, and opposes any award whatsoever.

In support of his motion for costs and fees, plaintiff's counsel merely submitted a schedule listing dates, short descriptions, and number of hours spent. Claiming that he spent a total of 99.75 hours since 1978 at $100.00/hour, and listing enumerated costs in the aggregate amount of $600.75, plaintiff's counsel requests an award of $10,575.75. No supporting memorandum was filed. This court set the motion for costs and fees on a briefing schedule, and Playboy's counsel filed a detailed memorandum opposing any award, along with supporting affidavits. Plaintiff's counsel was given ample opportunity to reply, and failed to do so by May 18, 1981, the date set by the briefing schedule. On May 29, 1981, after the case was called for ruling, plaintiff's counsel's office obtained an extension of time within which to file a reply, and did then respond to Playboy's opposition. For the following reasons, plaintiff's request for fees is denied in its entirety, and certain costs are allowed as set forth below.

Preliminarily, this court finds noteworthy the analysis set forth in *Boe v. Colello,* 447 F.Supp. 607, 610 (S.D.N.Y.1978):

This Court's experience, both at the bench and bar over extended years, qualifies it to estimate the time reasonably required by plaintiffs' claims in terms of research, analysis and drafting of various documents. Moreover, the Court's own research, study and analysis of the respective contentions of the parties further afford some yardstick by which to measure plaintiffs' attorney's allegations of the time factor. Any expenditure of time beyond that which is reasonably required suggests either inexperience and devotion of more time than warranted to fairly and properly present claims or, alternatively, that the attorneys, however experienced, engaged in dilettantism; a losing side is not required to pay for such indulgences.

Unlike *Boe,* the defendant in this case settled. Accordingly, the analysis used there is even more persuasive. Moreover, this court also deems noteworthy the case of *Brown v. Stackler,* 612 F.2d 1057, 1059 (7th Cir. 1980), where the court of appeals affirmed the district court's refusal to award fees, noting that the case was plain and simple, that the number of hours allegedly billed was manifestly unreasonable, and that claimants might otherwise be encouraged to request outrageous fees knowing that the only unfavorable consequence would be reduction to what should have originally been asked for.

In denying the request for fees *in toto,* this court has taken into consideration the following. First, it soon became evident that plaintiff's lost wages would amount to no more than $8,200. Nevertheless, counsel persisted in maintaining that plaintiff's back wages would come to $57,934.51. Second, Playboy offered to settle for $11,000 in August of 1980, and plaintiff's counsel refused, citing Playboy's ability to pay more, and demanding further discovery. However, he never sought to inspect any of the documents he claimed to be so critical, and took no depositions. He failed to appear and produce plaintiff for a noticed deposition, and Playboy was required to obtain an order compelling plaintiff to attend. When the due date for final pre-trial order was imminent, plaintiff's counsel then agreed to settle the back wages claim for just $1,538.70 more than Playboy had offered some months earlier, provided that

Playboy also pay him $7,500 in fees and costs. Playboy refused to pay fees or costs, and the parties then settled for back wages, leaving the issue of fees and costs for this court's decision.

Third, plaintiff's counsel claims to charge an hourly rate of $100, without regard to the fact that younger, less experienced lawyers have appeared from his office, without regard to the fact that this rate has purportedly been charged by him since 1978, and without regard to the fact that some of the time allegedly billed involved plainly clerical, rather than legal, work. In addition, at least 40 of the hours claimed involved time allegedly spent before this complaint was filed. For these and other reasons plainly evident in the record before this court, the request for fees must be denied in its entirety.

However, this court finds that certain of the enumerated costs allegedly incurred are valid. Thus, the cost of filing the complaint and the U. S. Marshal's summons fee are granted. The court also allows the costs of duplicating various materials, but at the rate of 10¢ per sheet, rather than 25¢ as requested by plaintiff. Finally, the cost of obtaining the transcript of plaintiff's deposition should also be allowed. This court's calculations reveal that: the filing of the complaint and service of summons came to $19; 874 copies were duplicated at 10¢ per sheet; and, the cost of obtaining the deposition transcript was $342, for a total of $448.40 in awardable costs. For these reasons, the request for an award of fees is denied in its entirety, and $448.40 is awarded in costs.