**Fred VOCCA, Plaintiff-Appellant,**

v.

**PLAYBOY HOTEL OF CHICAGO, INC., Defendant-Appellee.**

**No. 81–2526.**

United States Court of Appeals, Seventh Circuit.

Argued June 14, 1982.

Decided Aug. 17, 1982.

Anthony Intini, III, Intini & Assoc., Chicago, Ill., for plaintiff-appellant.

Howard L. Mocerf, Borovsky, Ehrlich & Kronenberg, Chicago, Ill., for defendant-appellee.

Before ESCHBACH, POSNER, and COFFEY, Circuit Judges.

PER CURIAM.

This is an appeal from the district court's denial of an award of attorney's fees 519 F.Supp. 900 following a favorable settlement of a suit brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq. The issue presented is whether the district court abused its discretion in denying any fee at all. We hold that it did not.

The action in which the appeal arises was commenced on May 4, 1979. The complaint alleged that Fred Vocca, the plaintiff, had been discharged from his position as catering manager by the defendant, Playboy Hotel of Chicago, Inc., on account of his age. The complaint sought both damages and an award of attorney's fees.

The case did not proceed to trial. After an unsuccessful challenge to the complaint by Playboy and a protracted period of discovery, a settlement was reached on the damage portion of the case in April, 1981. Playboy agreed to pay Vocca $9,465.70 in backpay in return for which Vocca would move to dismiss his ADEA claim with prejudice. The parties could not agree on the question of attorney's fees, however, and Playboy and Vocca's attorney therefore decided to submit that question to the district court.

Pursuant to the agreement, Vocca's attorney filed a "motion for costs, attorney's fees and disbursements" with the district court, supported by a schedule of hours expended and costs incurred in the case. The schedule listed 99.75 hours for which counsel sought compensation at $100 per hour for a total fee of $9,975. He also requested $600 in other costs and disbursements.

In response to the motion, Playboy filed a memorandum supported by affidavits from its counsel, in which it charged that Vocca's attorney had refused to settle the case earlier solely because he felt Playboy could afford to pay more. It also claimed that counsel's fee schedule was inflated, factually inadequate and, in some respects, patently incorrect. For these reasons, Playboy urged that counsel's fee request be denied in its entirety.

The district court granted Playboy's request. It found that counsel had persisted in a demand for damages which was almost seven times the amount to which his client was actually entitled. The court found that early on in the case counsel had refused a settlement offer which would have provided his client with only $1,538 less than was ultimately agreed upon, giving as reasons

therefor Playboy's ability to pay more and the need for further discovery. Despite this representation, counsel took no depositions and made no attempt to inspect the documents which he had demanded that Playboy make available. In addition, he and his client later failed to appear for a noticed deposition, requiring Playboy to obtain an order compelling them to appear. The district court also found that counsel had charged a flat $100 per hour rate for all work performed in the case, even though some of the work was of a purely clerical nature or was performed by nonlawyers. Finally, the court found that at least forty of the hours for which compensation was sought were expended before the complaint was even filed. "For these and other reasons plainly evident in the record," the district court concluded that counsel's fee request should be denied in its entirety.

On appeal, counsel claims that the district court erred and abused its discretion in denying his claim for attorney's fees. He contends that the denial of a claim for attorney's fees in a successful ADEA case is inconsistent with the congressional mandate that attorney's fees be allowed and that the district court's denial of fees here was without a proper basis.

Attorney's fees in ADEA cases are authorized by section 16 of the Fair Labor Standards Act, 29 U.S.C. § 216, which the ADEA incorporates by reference. 29 U.S.C. § 626(b). Because this case was settled prior to judgment, however, it is unclear whether that section applies. Section 16 states that attorney's fees shall be allowed "in addition to any judgment awarded to the plaintiff or plaintiffs...." It does not say whether they are to be allowed where the case is settled out of court and no judgment is ever entered. *Compare* 42 U.S.C. § 1988 (attorney's fees awarded to "prevailing party").

We need not decide whether Section 16 is applicable here. Playboy concedes that wholly apart from any statutory authorization, the stipulation entered into by the parties provides a basis for counsel's fee claim. Thus, it is undisputed that the dis-

trict court had authority to make an award of attorney's fees. The question we must decide is whether its refusal to do so here constituted an abuse of discretion.

District courts have broad discretion in making attorney's fee awards. *Mirabal v. General Motors Acceptance Corp.*, 576 F.2d 729, 730 (7th Cir. 1978). This is because "[t]he trial judge is in the best position to assess the skill and competence of counsel, the novelty or difficulty of the case, the benefits of the result achieved, and the reasonableness of the time counsel devoted to the case." *State of Illinois v. Sangamo Construction Company*, 657 F.2d 855, 862 (7th Cir. 1981). In exercising this discretion, the court may properly rely on its own experience to estimate the time reasonably required for the work claimed. *Boe v. Colello*, 447 F.Supp. 607, 610 (S.D.N.Y.1978). It may properly reject unsatisfactorily supported claims of attorney's time and also consider whether an "attorney, by pressing questionable claims and refusing to settle except on outrageous terms, could force a defendant to incur substantial fees which he later uses as a basis for his own fee claim." *Mirabal, supra*, at 731. Finally, this court has recognized that a district court, in the exercise of discretion, may properly deny attorney's fees entirely. In *Brown v. Stackler*, 612 F.2d 1057, 1059 (7th Cir. 1980), we held that "[s]uch denial is an entirely appropriate, and hopefully effective, means of encouraging counsel to maintain adequate records and submit reasonable, carefully calculated, and conscientiously measured claims when seeking statutory counsel fees." *See also Muscare v. Quinn*, 680 F.2d 42 (7th Cir. 1982) (district court has discretion to deny attorney's fees for time spent in establishing right to fees in underlying action).

It was in reliance on *Brown* that the district court denied counsel's fee request here. It concluded that counsel's unreasonable refusal to settle the case earlier, together with the inadequacies of his fee petition, justified denying his claim for fees in its entirety. Although counsel disputes both of these conclusions, they are suffi-

ciently supported by the record and therefore must stand.

 Counsel's refusal to settle the case earlier for an amount only slightly less than the amount ultimately agreed upon, accompanied by his statement that Playboy could afford to pay more, provide sufficient support for the district court's conclusion that he had unreasonably prolonged the litigation. Although counsel denies having made such a statement, he failed to properly oppose the affidavit by Playboy's counsel which stated that he did. The district court was therefore justified in crediting the statement.

As for the inadequacies of counsel's fee schedule, these are apparent on their face. The schedule failed to set forth a sufficient description of the type of work performed, the identity and qualifications of the persons who performed the work and their normal billing rates for the relevant time period. Without such information it is impossible to determine an appropriate fee. By failing to set forth this information in his fee schedule in this case, counsel conveyed the impression that all of the work performed in the case was done by an attorney of sufficient experience to command a fee of $100 per hour since 1978. Because at least some of the work was performed by a law student who was working for counsel at the time, this impression was clearly incorrect. Perhaps most disturbing is the fact that counsel sought compensation at this rate for at least two court appearances that were never made. At oral argument counsel referred to these discrepancies as minor clerical errors which resulted from his firm's failure to keep adequate records. He explained that they were offset by services shown in the schedule for which he sought no charges.

This explanation is insufficient. We made clear in *Brown v. Stackler, supra,* that counsel seeking statutory attorney's fees has a duty to maintain accurate and de-

tailed time records. It is not enough to offer a rough estimate of the time expended and then explain discrepancies that arise with claims that they were offset in other places. Such claims are impossible to refute. District courts, entrusted with the task of ordering an unsuccessful litigant to pay the reasonable attorney's fees of his opponent, may properly demand that a claim for such fees be fully supported by accurate and detailed records. When it is not, the request may be denied.

The district court's judgment is affirmed.