**Carol and Stanley ZABKOWICZ, Plaintiffs,**

v.

**The WEST BEND COMPANY, et al., Defendants.**

**No. 83–C–187.**

United States District Court, E.D. Wisconsin.

Jan. 15, 1985.

See also 585 F.Supp. 635.

Michael R. Fox, Madison, Wis., Walter F. Kelly, Milwaukee, Wis., for plaintiffs.

---

William Sosnay, Mary A. Moore, Mulcahy & Wherry, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

This is an application for attorney's fees. The plaintiffs brought this action pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Wisconsin Fair Employment Act, Wis.Stat. § 111.31 et seq., the National Labor Relations Act, 29 U.S.C. § 185 et seq., and the common law of torts. Mrs. Zabkowicz charged that she had been sexually harassed at her place of employment. She also maintained that her employer, after being notified of the problem, failed to take corrective steps. After a three-day trial, a judgment was entered in favor of Mrs. Zabkowicz against the defendant West Bend Company in the amount of $2763.20, representing back wages for the period of work missed by Mrs. Zabkowicz because of her being sexually harassed. 589 F.Supp. 780 (Wis.1984). Her claim for back wages was the only count that went to trial, and the only one on which she prevailed. All of the other claims of Carol and Stanley Zabkowicz were dismissed before the presentation of any evidence. While the plaintiffs may harbor hopes that Mrs. Zabkowicz' tort claim will be reinstated on appeal, it is clear that attorney's fees should not be awarded to plaintiffs' counsel as to any of the dismissed counts; indeed, even if the plaintiffs prevailed on the tort claims, there could be no fee recovery under Title VII.

The fee applications of Mr. Fox and Mr. Kelly do not reflect any subtraction for time devoted to the non-compensable tort and labor claims made by Mr. and Mrs. Zabkowicz. The fee application of Mr. Hawkins shows that only 24.6 of his claimed 394 hours were devoted to non-compensable aspects of this litigation.

In their tort and labor claims which were dismissed before trial, the plaintiff and her husband sought $3.5 million. Their legal representatives were to be paid on a contingency basis. It is reasonable to assume that a major incentive to the considerable time invested by counsel in this litigation was the possible fee to be earned if Mrs. Zabkowicz prevailed on her tort claim. Out of a total of over 800 hours of legal work claimed by the plaintiffs' three lawyers, only 24.6 are now attributed by them to the $3.5 million claim; all of the rest of the 800 hours of labor performed by the plaintiffs' counsel were directed at the back pay count in which there was a maximum possible recovery to Mrs. Zabkowicz of $2763.20.

After the trial, when I ordered the entry of judgment in her favor on the back pay issue, I fully contemplated that Mrs. Zabkowicz' attorneys would be awarded a reasonable attorney's fee pursuant to the standards of *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), and *Lynch v. Milwaukee*, 747 F.2d 423 (7th Cir.1984). Plaintiff's counsel have now submitted a claim for 822.10 hours of legal service and have requested fees of $127,515, plus expenses of $20,785.

In two recent cases, the court of appeals for this circuit has considered the matter of exaggerated fees and has sustained the district court's rejection of all fees under such circumstances. *Vocca v. Playboy Hotel of Chicago, Inc.*, 686 F.2d 605, 606 (7th Cir.1982); *Brown v. Stackler*, 612 F.2d 1057 (7th Cir.1980). In *Brown*, counsel submitted a bill for 834.5 hours of time spent; that figure is remarkably similar to the 822 hours involved in the case at bar. In denying fees altogether, the district judge (Judge Grady) observed that the 834 hours spent on the uncomplicated case was "more than half the billable time that an attorney would have for a whole year...." *Brown v. Stackler*, 460 F.Supp. 446, 447 (N.D.Ill.1978). The court of appeals held, at 612 F.2d 1057, 1059, that the denial of all fees was appropriate as a means of encouraging counsel to "maintain adequate records and submit reasonable, carefully calculated and conscientiously measured claims when seeking statutory counsel fees."

The plaintiff's fee petition is seriously flawed in that it almost entirely fails to distinguish hours spent on the Title VII claim from hours spent on non-compensable claims. The plaintiff is barred from seeking compensation from the defendant for work spent on non-Title VII claims, and it is prevailing counsel's duty to assure that his petition excludes non-compensable hours. The petition also appears to be based in part on an after-the-fact reconstruction rather than contemporaneous records as the statute requires. For example, Mr. Fox claims to have expended 13.0 hours daily on June 20, 21, 22 and 25, 1984, for "trial preparation and trial." That exactly 13 hours would have been expended each day seems doubtful. Moreover, the court was not in session on June 21, 1984. The petition is thus neither "carefully calculated" nor based on "adequate records" as required by *Brown*.

In its brief in connection with the instant application for attorney's fees, the defendant's lawyers have brought to my attention (for the first time) matters relating to the settlement discussions that had taken place between the parties. In an affidavit submitted in opposition to the plaintiffs' attorneys fee application, Attorney Mary Moore avers that before the trial but after the court dismissed the tort claims, the defendant West Bend Company conducted settlement negotiations with the plaintiffs and "offered to settle the entire litigation with the plaintiffs for Twenty Thousand Dollars ($20,000), but plaintiffs rejected this offer." The plaintiffs have not contradicted this representation by the defendant's counsel. Thus it appears that Mrs. Zabkowicz could have settled all her claims for $20,000 and, instead, chose to proceed to trial on her back wages claim wherein the highest recovery for her damages could have been $2763.20. In *Vocca*, the court of appeals for this circuit referred to the fact that "early on in the case counsel had refused a settlement offer which would have provided his client with only $1538 less than was ultimately agreed upon...." 686 F.2d at 606. The court of appeals affirmed the district court's denial of the fee requested

in its entirety, noting that one of the reasons for the denial of fees by the district court was "counsel's unreasonable refusal to settle the case earlier,...." *Id.* at 607.

In *State of Illinois v. Sangamo Construction Co.*, 657 F.2d 855, 862 (7th Cir. 1981), the court commented on the standards that the district court should apply in making attorney's fee awards. In addition to assessing the skill and competence of counsel, the court is to consider

"... the novelty or difficulty of the case, the benefits of the result achieved, and the reasonableness of the time counsel devoted to the case."

■ Applying that standard and directing it solely to the count relating to sexual harassment upon which Mrs. Zabkowicz prevailed, I unhesitatingly find that there was relatively little novelty or difficulty with the case and that the benefits of the results achieved were modest. It is also abundantly clear that the number of hours that plaintiffs' counsel claimed to have devoted to that portion of the case on which they prevailed is not only unreasonable but "intolerably inflated." *Brown v. Stackler*, 612 F.2d at 1059.

Plaintiff's counsel presented their case at the trial with competence, and it could well be that their refusal to settle for a figure many times what they could hope to win for their client as back wages was based on their expectation that the tort claim might be reinstated on appeal. Nevertheless, it is irresistibly apparent that no intelligent attorney would have invested 800 hours of work on a claim worth, at best, less than $3000. *Hensley* recognizes that the time spent on unsuccessful civil rights claims which share a common core of facts with successful claims need not be subtracted in computing the attorney's fees. However, the "common core" approach can render little comfort to plaintiff's counsel in the case at bar, because in any reasonable downward adjustment of the allowable fee, the limited success obtained by the plaintiff would demonstrate the gross inflation of the fee application.

■ The plaintiff's motion also seeks an allowance of expenses in the sum of $20,-785.11. Of this sum, $9061.92 was expended for the investigative services of one George Woywod. Transcription charges were incurred in the amount of $4786.55. I believe that a substantial portion of the expenses were incurred in connection with the unsuccessful non-compensable claims advanced by the plaintiffs and that the defendant West Bend Company should not be responsible for the entire $20,785.11.

I have carefully examined the various items of expense incurred by the plaintiffs and believe that a portion of the filing fees, witness fees, service of process fees, transcript fees, and expenses of counsel for travel and duplicating materials for trial should be allowed. In my opinion, $10,000 is an ample sum to cover the portion of the plaintiffs' expenses which are germane to Mrs. Zabkowicz' civil rights claim for back wages.

Therefore, IT IS ORDERED that that portion of the plaintiff's motion seeking the allowance of attorney's fees be and hereby is denied, and

IT IS ALSO ORDERED that that portion of the motion seeking the award of expenses be and hereby is allowed in the amount of $10,000.