FILED
United States Court of Appeals
Tenth Circuit

June 19, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOSHUA JACKSON,

        Plaintiff-Appellee,

v.

DIVERSIFIED COLLECTION
SERVICES, INC.,

        Defendant-Appellant.

No. 11-1401
(D.C. No. 1:09-CV-00680-WDM-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

Diversified Collection Services, Inc. (DCS), appeals the district court's denial

of its request for attorney fees under 28 U.S.C. § 1927. We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

Joshua Jackson filed a complaint alleging DCS violated numerous provisions

of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, (FDCPA).

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

Four months after entry of the final pretrial order, at the final trial preparation conference, Mr. Jackson withdrew four claims. On the first morning of trial, he withdrew his claims for actual damages under 15 U.S.C. § 1692k(a)(1) and dismissed with prejudice the one individually-named DCS employee. At the close of evidence, the district court ruled pursuant to Fed. R. Civ. P. 50 that no reasonable jury could find for him on six of the claims. The remaining three claims were submitted to the jury, which found in favor of Mr. Jackson on two claims. The district court awarded Mr. Jackson nominal damages of $10. The district court also awarded him attorney fees of $6,500 as the prevailing party on the two FDCPA claims.

DCS sought fees against Mr. Jackson's attorney, claiming that he acted in bad faith dismissing numerous claims at the start of trial. The district court ruled that a sanction under § 1927 for multiplication of proceedings was warranted because Mr. Jackson's "attorney's actions of waiting until the very eve of trial to withdraw several claims and dismiss a defendant" was "objectively unreasonable." Aplt. App. at 46; *see also* 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). The court's order stated that DCS could file a motion "with appropriate information for recovery of attorneys' fees and other costs incurred after the entry of the pretrial order to defend against the claims withdrawn and dismissed." Aplt. App. at 46.

DCS then filed a motion seeking fees of $29,647.12. *Id*. at 53. It stated in the motion that this amount represented reimbursement for the time spent by Mr. Lico, one of the five attorneys who worked on the Jackson litigation, at his reasonable billing rate. DCS stated that Mr. Lico began his involvement with, and became lead counsel on, the Jackson litigation two months after the pretrial order and litigated the case before the jury. *Id.* at 52-53. Mr. Lico averred that his fees "associated with [DCS's] defense of the case" totaled $31,207.50, and that he reached the $29,647.12 sanction request under § 1927 by taking the first 50% of that amount and applying it to actual damages, another 25% for defending the dismissed defendant, and 80% of the remaining amount "to account for ten (out of thirteen) meritless claims." *Id.* at 57-61, 63. DCS made no other more specific reference to, or identification of, the time spent on any particular claim.

The district court denied DCS's motion for fees. It stated that DCS's motion was based upon "a wholly fabricated theory of relying on recovery of the fees charged by one of apparently several attorneys" "without any effort to address whether those hours relate in any way to the claims that were withdrawn and dismissed." *Id.* at 89-90. It ruled that DCS "wholly fail[ed] to respond to the specific guidelines" in its March 3 order directing DCS to identify the fees and costs related to the claims withdrawn and dismissed. *Id*. at 90. DCS appeals, arguing the district court abused its discretion in denying its fee request after ordering a § 1927 sanction.

We review an award of sanctions under § 1927 only for abuse of discretion. *See Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C*, 430 F.3d 1269, 1278-79 (10th Cir. 2005). "Section 1927 only authorizes the taxing of excess costs arising from an attorney's unreasonable and vexatious conduct; it does not authorize imposition of sanctions in excess of costs reasonably incurred because of such conduct." *United States v. Blodgett*, 709 F.2d 608, 610-11 (9th Cir. 1983). In imposing sanctions, we require the district court to make sufficiently specific findings to enable the parties and this court to identify the basis for the sanctions, the extent of the multiplicity, and the costs arising from the objectionable conduct. *See Braley v. Campbell*, 832 F.2d 1504, 1513 (10th Cir. 1987) (en banc).

We conclude, based upon our review of the record, that DCS's documentation was not adequate to enable the district court to make these requisite findings. As the district court found, DCS failed to identify how and to what extent Mr. Lico's hours related to the dismissed claims. DCS argues that "[i]t is neither required, nor practical, for attorneys to break down their billing as to each specific claim." Aplt. Br. at 10. To the contrary, the Supreme Court held long ago that an applicant seeking attorney fees "should maintain billing records in a manner that will enable a reviewing court to identify distinct claims." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

A party seeking attorney's fees and costs has the burden of proof as to entitlement and amount, and runs the risk that its fees and costs will be denied if it

- 4 -

does not carry this burden. *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1208 (10th Cir. 1986). The district court was entitled to judge the adequacy of DCS's documentation and to deny fees entirely based upon unsatisfactorily supported claims. *See Vocca v. Playboy Hotel of Chicago, Inc*., 686 F.2d 605, 607 (7th Cir. 1982) ("[D]enial [of attorneys' fees] is an entirely appropriate, and hopefully effective, means of encouraging counsel to maintain adequate records and submit reasonable, carefully calculated, and conscientiously measured claims.") (internal quotation marks omitted)). Because DCS failed to comply with the district court's order to identify the fees and costs incurred after entry of the pretrial order to defend against the claims withdrawn and dismissed, we find no abuse of discretion in the district court's denial of DCS's § 1927 fee request.

The judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge