**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEZLIE J. GUNN, | Nos.  20-16046 |
| Plaintiff-Appellant, | 21-15005 |
| | 21-15442 |
| v. | 21-15549 |
| CHRISTINE E. DRAGE, | D.C. No. |
| | 2:19-cv-02102-JCM-EJY |
| Defendant-Appellee. | |
| | MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted March 15, 2022
Las Vegas, Nevada

Before:  Johnnie B. Rawlinson and Mark J. Bennett, Circuit Judges, and Brian M. Cogan, District Judge.**

    Plaintiff-Appellant Lezlie J. Gunn appeals from two district court orders

awarding Defendant-Appellee Christine E. Drage $387,653.75 in attorneys' fees

and costs under California Code of Civil Procedure § 425.16(c).  We have

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse and remand in part for further proceedings in accordance with this disposition.[1]

We review the district court's grant of attorneys' fees for abuse of discretion. *See Graham–Sult v. Clainos*, 756 F.3d 724, 751 (9th Cir. 2014). Drage, as the prevailing party, is entitled to recover "her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1). Under California law, which applies here, determining an appropriate fee award begins with the lodestar. *See Ketchum v. Moses*, 17 P.3d 735, 741 (Cal. 2001). After arriving at a figure, courts may then adjust it based on factors specific to the case. *See id.*

We conclude that the district court's rate determination was appropriate. Under California law, "[t]he reasonable hourly rate is that prevailing in the community for similar work." *PLCM Grp. v. Drexler*, 997 P.2d 511, 518 (Cal. 2000). The relevant community is typically the forum in which the court sits. *See Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). The district court properly determined the appropriate hourly rates based on those prevailing in the Las Vegas community.

The hourly rates it ultimately awarded were also reasonable. The burden is on the fee applicant to "produce satisfactory evidence" of the prevailing rates.

---

[1] We resolve Gunn's appeal of that decision in a separate, contemporaneously filed opinion, which includes an overview of the facts underlying this action.

*Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). A fee applicant can satisfy this burden through attorney affidavits and citations to rate determinations in other cases. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). The district court found that the rates Drage's attorneys requested – ranging between $525 and $675 per hour – were reasonable, noting that because of "[d]efendant's counsels' years of experience and [the] complexity of the instant case," there was "no reason to depart from the requested amounts." In coming to this conclusion, the district court relied upon the rate determinations that Drage offered, noting that it had approved "comparable rates in the past." Although the hourly rates awarded here were slightly higher than the rates previously awarded in the district for complex commercial litigation, the district court, relying on its knowledge and experience, was entitled to find that an increase was warranted. *See Ingram v. Oroudjian,* 647 F.3d 925, 928 (9th Cir. 2011). However, the district court's analysis of the reasonableness of the number of hours expended by counsel was lacking.[2] A fee applicant must justify their claim by submitting detailed time records. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Where time records contain entries for hours that are "excessive, redundant, or otherwise unnecessary," the court should exclude these hours or "make across-the-board percentage cuts."

---

[2] Although the district court noted that "[u]pon review of the record . . . the work was not duplicative nor excessive," this analysis only pertained to Drage's supplemental request for fees related to the post-judgment motions.

*Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) (internal quotations and citations omitted).

Gunn raised concerns in the district court that included overstaffing, block-billing, and an excessive number of meetings. *See Ketchum*, 17 P.3d at 741 ("[T]rial courts must carefully review attorney documentation of hours expended; padding in the form of inefficient or duplicative efforts is not subject to compensation.") (internal quotations omitted). The court's failure to explain its resolution of these issues was not an appropriate exercise of discretion. *See Vargas v. Howell*, 949 F.3d 1188, 1195 (9th Cir. 2020). Mere recitation of the legal standard, along with quotations from Drage's fees motion, gives no indication that Gunn's concerns were fairly considered and rejected.

The district court likewise failed to explain why it applied a 1.5 multiplier to the lodestar amount. A district court may adjust a lodestar figure based on consideration of factors specific to the case, such as "the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case." *See PLCM Grp*, 997 P.2d at 519. The district court nominally addressed some of these considerations, but never explained why those factors were not already encompassed in the lodestar, why it applied the exact multiplier requested, nor why the multiplier was only applied to certain work product.

Generally, when the district court fails to provide reasoning for its fee decisions, "we will only remand if the record does not support the district court's decision." *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 815 (9th Cir. 2003). While we decline to say that the 1.5 multiplier was inappropriate standing alone, it may well have been inappropriate in light of the excessive number of hours billed to routine legal matters. We therefore remand to the district court for reconsideration of both aspects of the fee calculation, consistent with this disposition.

Finally, the district court did not exceed its authority in awarding fees for Gunn's post-judgment motions on the timeliness of the notice of appeal. Since the motion had to be determined in the district court, *see* Fed. R. App. P. 4(a)(5)(A), the district court is the appropriate forum to address those fees in the first instance. Even though our accompanying decision vacates the district court's ruling regarding the timeliness of Gunn's appeal, an award of fees is still appropriate. *See Gluck v. Am. Prot. Indus., Inc.*, 619 F.2d 30, 33 (9th Cir. 1980).

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**

The parties shall bear their own costs on appeal.