B. BOE, C. Coe, J. Joe, Ralph Palladino, John Duffy, Marie Schall, Allan Wernick and Jose Soto, Plaintiffs,

v.

Joseph COLELLO, Edmund Nelke, John J. Fox, Jr., Irwin Bernstein, Raymond F. Delo, and Ronald Lee, Defendants.

No. 77 Civ. 3967.

United States District Court, S. D. New York.

Feb. 3, 1978.

**608**

Gladstein, Reif & Siegel, Brooklyn, N. Y., for plaintiffs; James Reif, Brooklyn, N. Y., of counsel.

John J. Fox, Town Atty., Town of Orangetown, Orangeburg, N. Y., for defendants Colello, Nelke, Fox, Bernstein and Delo.

Lexow & Jenkins, Suffern, N. Y., for defendant Lee; Alfred E. Froh, Suffern, N. Y., of counsel.

OPINION

EDWARD WEINFELD, District Judge.

The attorney for the plaintiffs, who successfully challenged as unconstitutional the "Hawking and Peddling Ordinance" of Orangetown Township insofar as it required a prior license for the sale of newspapers or other periodicals on the public streets or other public areas, now moves for an award of counsel fees in the sum of $6,806.25. The allowance is sought from the supervisor, the chief of police and the attorney for the Township of Orangetown who were named as defendants in their official capacities and who were enjoined by the terms of the decree from acting under the voided ordinance.

Familiarity is assumed with the Court's opinion.[1] The defendants, apart from challenging the requested fee as excessive, resist plaintiffs' application in part on the ground that since the town itself was not a defendant,[2] they will be called upon individually to pay any fees that may be allowed and urge that their conduct relative to plaintiffs' claim does not warrant personal liability.

The plaintiffs' attorney, in pressing for the fee allowance, relies upon the Civil Rights Attorney's Fees Award Act of 1976[3] (the "Act"), passed by Congress after the Supreme Court had decided *Alyeska Pipeline Service Co. v. Wilderness Society,*[4] which in substance held that absent congressional authorization, fees to prevailing parties are not usually allowed under a longstanding American rule of law. The recently enacted statute, amending 42 U.S.C., section 1988, provides:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United

---

1. *Boe v. Colello,* 438 F.Supp. 145 (S.D.N.Y. 1977).

2. The town was immune from suit. *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

3. Pub.L. No. 94–559, 90 Stat. 2641 (1976), *amending* 42 U.S.C. § 1988.

4. 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

States, a reasonable attorney's fee as part of the costs.

■ The defendants' contention that plaintiffs were not the prevailing party because they withdrew their claim for damages is without substance. Plaintiffs obtained permanent injunctive relief and a judgment declaring the ordinance void. Damages were incidental to that major relief. The fact that plaintiffs abandoned their damage claim did not diminish the force of their successful attack upon the ordinance and does not deprive plaintiffs of their claim to fees if otherwise entitled thereto.[5]

■ It does, however, substantially undercut defendants' protest in this case that any fee award would have to be paid by them personally. The withdrawn damage claim was against defendants personally; the declaratory and injunctive claim was addressed to the defendants in their official capacities and it was on that claim that plaintiffs prevailed. When a civil rights plaintiff prevails against a section 1983 defendant who is a "state or local official," the express legislative intent is that

the attorneys' fees, like other items of costs, will be collected either directly from the official, in his official capacity,

from funds of his agency or under his control, or from the State or local government (whether or not the agency or government is a named party).[6]

■ Defendants' further contention that an award under the Act is improper absent a showing of bad faith is similarly mistaken. Such an argument would be appropriate if plaintiffs were not proceeding under statute[7] or sought fees from the defendants in their personal capacities.[8] The Act, however, was passed in direct response to the Alyeska case and was intended to alleviate that decision's requirements—among them, bad faith—for a fee award absent statutory authorization.[9]

■ Indeed, plaintiffs in effect urge that despite the Act's language that an award is within the Court's discretion, an award is mandated when First Amendment rights are vindicated. It is unnecessary to pass upon this contention in this case. The Senate Report, quoting the Supreme Court's construction of a similar provision in Title II of the Civil Rights Act of 1964, did make clear that a successful civil rights plaintiff " 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.' "[10] There being

5. *See* S.Rep. No. 94–1011, 94th Cong., 2d Sess. 5 (1976), *reprinted in* [1976] U.S.Code Cong. & Admin.News 5908, 5912 (hereinafter S.Rep.) ("[A]wards are especially appropriate where a party has prevailed on an important matter in the course of litigation, even when he ultimately does not prevail on all issues.")

6. *Id.* at 5913 (emphasis added) (footnotes omitted).

7. *Christiansburg Garment Co. v. EEOC,* —— U.S. ——, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *Alyeska Pipeline Serv. Co. v. Wilderness Soc.,* 421 U.S. 240, 260, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

8. The distinction between an award against a town official in his official as opposed to personal capacity was underscored in the Senate Report where, after stating that the former type of award should be paid by the local government or from funds under the official's control, the Committee noted that:

Proof that an official had acted in bad faith could also render him liable for fees in his individual capacity, under the traditional bad

faith standard recognized by the Supreme Court in *Alyeska*. *See Class v. Norton,* 505 F.2d 123 (2d Cir. 1974); *Doe v. Poelker,* 515 F.2d 541 (8th Cir. 1975).

S.Rep., *supra* note 5, at 5913 n. 7. *See Christiansburg Garment Co. v. EEOC,* —— U.S. ——, ——, 98 S.Ct. 694, 698, 54 L.Ed.2d 648 (1978) (quoting *Newman v. Piggie Park Enterprises,* 390 U.S. 400, 402 n. 4, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968)) ("[I]f the objective of Congress had been to permit the award of attorneys' fees only against defendants who had acted in bad faith, 'no new statutory provision would have been necessary' since even the American common-law rule allows the award of attorneys' fees in those exceptional circumstances.").

9. S.Rep., *supra* note 5, at 5911–13.

10. *Id.* at 5912, *quoting Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); *see Beazer v. New York City Transit Auth.,* 558 F.2d 97, 100 (2d Cir. 1977) (applying this standard to 42 U.S.C. § 1988).

no such special circumstances involved herein, an award of fees is proper.

The amount of the award, however, is a separate question. This Court has been of the view that the factor of hours in fee award situations has been given undue emphasis.[11] Nonetheless the Court is bound to follow the direction of our Court of Appeals. Under its rulings, the starting point is the "lodestar" figure—the hours expended multiplied by the hourly rate.[12] Plaintiffs' attorney requests $6,806.25, representing 90¾ hours at $75 per hour. In light of various hourly rates which have been approved for fee awards in federal litigation in this Circuit [13] and the attorney's experience in constitutional litigation, the Court will not quarrel with the proposed rate. The number of hours expended, however, cannot be so readily accepted.

■ Of the total hours submitted, 10½ were devoted to preparation of this motion. As no benefit can possibly be said to redound to the plaintiffs from this effort, these hours will not be considered,[14] leaving 80¼ hours which plaintiffs' attorney claims were necessarily spent in work on the litigation's merits. The Court cannot accept that this case merited, much less necessitated, such a substantial expenditure of time—especially by an attorney experienced in

and familiar with the issues presented. Substantively, the questioned ordinance was so clearly unconstitutional that the Court found it to "run riot in violation of First Amendment rights of freedom of press and speech." [15] And although the procedural questions of abstention and comity presented more complex issues, the Court's own research was what permitted it to even reach the merits.[16]

■ This Court's experience, both at the bench and bar over extended years, qualifies it to estimate the time reasonably required by plaintiffs' claims in terms of research, analysis and drafting of various documents.[17] Moreover, the Court's own research, study and analysis of the respective contentions of the parties further afford some yardstick by which to measure plaintiffs' attorney's allegations of the time factor. Any expenditure of time beyond that which is reasonably required suggests either inexperience and devotion of more time than warranted to fairly and properly present claims or, alternatively, that the attorneys, however experienced, engaged in dilettantism; a losing side is not required to pay for such indulgences.[18] The Court is satisfied that the hours claimed by plaintiffs' attorney, particularly those charged for drafting of documents (49½ hours), are much beyond those reasonably necessitated

---

**11.** See *Blank v. Talley Indus., Inc.,* 390 F.Supp. 1, 5 (S.D.N.Y.1975); *Levin v. Mississippi River Corp.,* 377 F.Supp. 926, 931 (S.D.N.Y.), *aff'd on opinion below,* 508 F.2d 836 (2d Cir. 1974).

**12.** *City of Detroit v. Grinnell Corp.,* 560 F.2d 1093, 1098 (2d Cir. 1977); *see Beazer v. New York City Transit Auth.,* 558 F.2d 97, 100 (2d Cir. 1977); *EEOC v. Enterprise Assoc. Steamfitters Local No. 638,* 542 F.2d 579, 592 (2d Cir. 1976); *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 470–71 (2d Cir. 1974).

**13.** *See, e. g., City of Detroit v. Grinnell Corp.,* 560 F.2d 1093, 1099 (2d Cir. 1977) ($90.00 per hour).

**14.** *Cf. City of Detroit v. Grinnell Corp.,* 560 F.2d 1093, 1102 (2d Cir. 1977).

**15.** *Boe v. Colello,* 438 F.Supp. 145, 152 (S.D.N. Y.1977).

**16.** *See id.* at 150.

**17.** *See Blank v. Talley Indus., Inc.,* 390 F.Supp. 1, 4 (S.D.N.Y.1975) (The Court "may be presumed to be knowledgeable as to the reasonable time . . . required to perform services competently and effectively in furthering the success of a litigation."); *cf. Farmer v. Arabian American Oil Co.,* 31 F.R.D. 191, 193 (S.D.N.Y. 1962), *rev'd,* 324 F.2d 359 (2d Cir. 1963), *rev'd,* 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964).

**18.** *Cf. Farmer v. Arabian American Oil Co.,* 31 F.R.D. 191, 193 (S.D.N.Y.1962), *rev'd,* 324 F.2d 359 (2d Cir. 1963), *rev'd,* 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964) ("Undoubtedly, parties to a litigation may fashion it according to their purse and indulge themselves and their attorneys, but they may not foist their extravagances upon their unsuccessful adversaries.").

to advance plaintiffs' constitutional claims.[19]

■ Taking into account the basic issues involved, this Court is of the view that a fair and reasonable amount of time required for full, adequate and fair presentation of plaintiffs' position would have been 30 hours—6 hours a day for 5 days. In addition, plaintiffs are entitled to compensation for the 10 hours spent in connection with the hearings, or in all a total of 40 hours. Accepting the requested rate of $75 an hour, plaintiffs' attorney is entitled to a compensation of $3,000. It hardly seems necessary to add that neither the complexity of the issues nor benefit to the clients warrants an award above this lodestar figure.[20]

■ Finally, since plaintiffs prevailed in their claim that the questioned ordinance was unconstitutional, the counter motion of the unsuccessful town defendants for a fee award, complete with allegations of bad faith and intent to harass, is patently frivolous and is denied. Similarly, although the claim against the defendant Lee, a Chromalloy company official, was dismissed on the merits, it cannot be said that it was "clearly frivolous, vexatious or brought for harassment purposes,"[21] and his motion for fees is accordingly denied. He is, however, entitled to taxable costs.

Plaintiffs' attorney is entitled to an attorney's fees award of $3,000 from the town defendants Colello, Nelke and Fox. In accordance with both the judgment in this action and Congress' express intent, the award is made against them in their official capacities, and accordingly it is contemplated that payment will be made from official funds available to them or by the Town of Orangetown. The defendants' motions are denied, although Lee is entitled to recover costs from plaintiffs as provided for by statute.

Submit order on notice.

---

19. *Another example of a more than reasonable time expenditure is plaintiffs' August 12 charge of 6 hours for "final reading of pleadings, copying, filing and xerox," totalling $450. Similar apparently excessive items appear in the schedule.*

20. *See Beazer v. New York City Transit Auth.,* 558 F.2d 97, 100 (2d Cir. 1977).

21. *See* S.Rep., *supra* note 5, at 5912, where it is indicated that the above quoted circumstances would have *to be shown before an award* would be made against one who brought, but did not prevail in, a constitutional claim.

Construing the language of the attorney's fees provision in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–k(5), language nearly identical to that found in 42 U.S.C. § 1988, the Supreme Court recently held that before an award of fees could be made to a successful defendant, there must be "a finding that the plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC,* —— U.S. ——, ——, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). As indicated above, such a finding cannot be made in this case.