**Ruth KOW, on behalf of herself and all others similarly situated,**

v.

**The NEW YORK CITY HOUSING AUTHORITY; Joseph Christian, as Chairman of the New York City Housing Authority; Blanca Cedeno, as a Member of the New York City Housing Authority; and Walter S. Fried, as a Member of the New York City Housing Authority.**

No. 81 Civ. 4870.

United States District Court,
S. D. New York.

May 28, 1982.

John E. Kirlin, Director of Litigation, Legal Aid Society, Civil Appeals and Law Reform Unit, New York City, Joan Mangones, Legal Aid Society, Staten Island, N. Y., for plaintiff; James C. Francis, IV, New York City, Douglass J. Seidman, Staten Island, N. Y., of counsel.

Michael M. Cohen, Gen. Counsel, New York City Housing Authority, New York City, for defendants; Arthur R. Scott, Jr., New York City, of counsel.

EDWARD WEINFELD, District Judge.

This action was brought by plaintiff on behalf of herself and others similarly situated to effect a retroactive rent decrease due to a change in her source of income from public assistance grants. Her application for class certification was denied because of lack of numerosity and also because this Court was of the view that the defendant public agency would accord to all persons in plaintiff's class the benefit of any judgment in her favor.

■ The action was settled by payment to plaintiff of $1,540 plus 3% interest from July 5, 1979 to the date of the execution of the stipulation itself. Plaintiff, who was represented by staff attorneys of The Legal Aid Society, now moves pursuant to 42 U.S.C., section 1988 for an allowance of counsel fees in the sum of $11,021.35. The defendants oppose any allowance upon a claim that plaintiff was not a prevailing party because the action was settled and only provided a private benefit to the plaintiff. This contention is without merit. *Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980); *Wheatley v. Ford*, Nos. 81–7443, –7621, slip op. at 2691 (2d Civ. May 18, 1982); *Milwe v. Cavuoto*, 653 F.2d 80 (2d Cir. 1981); *Zarcone v. Perry*, 581 F.2d 1039, 1042 (2d Cir. 1978), *cert. denied*, 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979). To accept the defendants' position that counsel fees should be denied because the case was settled would deter attorneys and their clients from entering into settlements and force them to litigate through trial in order to receive just compensation for services rendered to which they may be entitled under 42 U.S.C., section 1988. Plaintiff, by way of settlement, achieved the result equal to what would have been realized had she prevailed upon a trial.

■ There is, however, substance to the City's further claim that the amount requested is excessive. Plaintiff's attorney is entitled to a fee for the services rendered, which must be fair and reasonable based upon the particular circumstances of the case. *Colucci v. New York Times*, 533 F.Supp. 1011, 1012 (S.D.N.Y.1982). The modest payment to plaintiff of $1,540 does not justify a fee in excess of $11,000. The settlement conferred no benefit upon anyone other than the plaintiff. It cannot be used to support the claim of any person similarly situated. The issues in the case were simple, and it is difficult to understand why two attorneys were required and why they expended a total of 107 hours—which based on an 8-hour day reflects a total of over 13 days—in a case which presented no complex or unusual issues. While our Court of Appeals has established the "lodestar" concept based on hours, *Cohen v. West Haven Board of Police Commissioners*, 638 F.2d 496, 505 (2d Cir. 1980); *City of Detroit v. Grinnell Corp. (Grinnell I)*, 495 F.2d 448 (2d Cir. 1974), this Court has remained of the view that the factor of hours has been given undue emphasis in the consideration of fee allowances. *Boe v. Colello*, 447 F.Supp. 607, 610 (S.D.N.Y.1978). To make hours a principal criterion in the fixation of fees offers the prospect of rewarding the inefficient and penalizing the efficient. Moreover, our Court of Appeals "has repeatedly stressed the need to view such awards with an 'eye to moderation' so as to avoid even the appearance of windfall fees." *Wheatley v. Ford*, Nos. 81–7443, –7621, slip op. at 2692 (2d Cir. May 18, 1982).

The Court, based upon its experience and also its familiarity with this matter, is of the view that competent qualified attorneys could adequately have represented the interests of the plaintiff by expending no

more than 75 hours on the matter and that a fee allowance at the rate of $75 per hour is just and fair compensation. Accordingly, the application is granted to the extent of granting fees in the sum of $5,625. So ordered.