Arthur M. CHAMBLESS and Mildred H. Chambless, Plaintiffs,

v.

MASTERS, MATES & PILOTS PENSION PLAN, et al., Defendants.

No. 80 Civ. 4258 (RLC).

United States District Court, S.D. New York.

Sept. 16, 1988.

---

Wisehart & Koch, New York City (Arthur M. Wisehart, John W. Whittlesey, of counsel), for plaintiffs.

Proskauer Rose Goetz & Mendelsohn, New York City, (Bettina B. Plevan, Joseph Baumgarten, Katherine Raymond, of counsel), for defendants.

## OPINION

ROBERT L. CARTER, District Judge.

Heedless of the admonition that "[a] request for attorney's fees should not result in a second major litigation," *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983), plaintiffs move to reargue numerous aspects of the court's opinion of July 20, 1988. That opinion, with which familiarity is assumed, awarded plaintiffs $416,191.30 in attorney's fees and ensured Arthur Chambless an actuarially adjusted monthly pension benefit of $2,689.02. *See Chambless v. Masters, Mates & Pilots Pension Plan*, No. 80 Civ. 4258 (RLC) (S.D.N.Y. July 20, 1988) (Carter, J.) (hereinafter "July 20 opinion") [available on WESTLAW, 1988 WL80170]. All other motions and requests before the court were denied. Plaintiffs were given 20 days to document their application for costs and expenses and cost-of-living adjustments.

Plaintiffs now request a host of modifications to that decision. They also seek findings of fact pursuant to Rule 52(b), F.R. Civ.P., and a supplemental award of fees totalling over $90,000. Defendants cross-

move for reargument of the actuarial adjustment.[1]

## I. Motions to Reargue

"The only proper ground on which a party may move to reargue an unambiguous order is that the court has overlooked 'matters or controlling decisions' which, had they been considered, might reasonably have altered the result reached by the court." *Adams v. United States*, 686 F.Supp. 417, 418 (S.D.N.Y.1988) (Carter, J.) (quoting *Bozsi Ltd. Partnership v. Lynott*, 676 F.Supp. 505, 509 (S.D.N.Y.1987) (Carter, J.)); *see United States v. Int'l Business Machines Corp.*, 79 F.R.D. 412, 414 (S.D.N.Y.1978) (Edelstein, J.). A motion to reargue "is not an occasion to reassert arguments previously raised, but dismissed by the court." *Morgan Guar. Trust Co. of New York v. Garrett Corp.*, 625 F.Supp. 752, 756 (S.D.N.Y.1986) (Goettel, J.); *see Caleb & Co. v. E.I. DuPont de Nemours & Co.*, 624 F.Supp. 747, 748 (S.D.N.Y.1985) (Sweet, J.). As shown below, neither side is entitled to the modifications sought.

### A. Defendants' Motion

Defendants seek to reargue the court's decision to grant Chambless an actuarially adjusted pension. They maintain that the court must have overlooked the Pension Plan's lawful "retirement-defined" rule, which provides for the suspension of benefits during periods of employment in the maritime industry. Chambless did not comply with the rule until August, 1986. The actuarial adjustment, defendants argue, therefore conflicts with that rule and with previous court holdings by according plaintiff a pension before he was fully retired.

Defendants' motion is no more than a recapitulation of the argument that an actuarial adjustment is tantamount to an award of retroactive benefits.[2] The court squarely addressed that issue in the July 20 opinion. "The issue presented is whether an actuarially adjusted pension would be the functional equivalent of an award of retroactive benefits. The court finds that it would not be." *Chambless v. Masters, Mates & Pilots Pension Plan*, No. 80 Civ. 4258 (RLC), slip op. at 37 (S.D.N.Y. July 20, 1988). The underpinnings of that conclusion were amply explained. Defendants have not presented overlooked "matters or controlling decisions" that might reasonably be expected to require a different conclusion. *Ashley Meadows Farm, Inc. v. Am. Horse Show Ass'n*, 624 F.Supp. 856, 857 (S.D.N.Y.1985) (Sweet, J.). Their motion for reargument is denied.

### B. Plaintiffs' Motion

Plaintiffs' motion to amend, alter, or clarify the court's decision is a laundry list of grievances. Not content with an award of over $400,000 in fees, plaintiffs seek the following: (1) interest on the actuarial adjustment and the attorney's fee award from the date of judgment to the date of payment; (2) reimbursement of Chambless' litigation-related travel expenses; (3) an extension of time for the filing of further documentation of costs and expenses; (4) additional fees; (5) discovery of defendants' billing sheets; and (6) factual findings concerning defendants' insurance coverage for attorney's fees and litigation costs.[3]

Plaintiffs do not explicitly invoke Local Civil Rule 3(j); nonetheless, their motion is largely one for reargument and will be treated as such. Local Rule 3(j) provides that "[n]o affidavits shall be filed by

---

**1.** Defendants' request that the July 20 decision be modified to exclude fees for Paula C. Rowe's services performed before her admission to the Bar is addressed separately below. *See* Baumgarten Aff't, ¶ 1.

**2.** Defendants write: "Chambless was thus not entitled to pension benefits between 1977 and 1986 (when he finally did retire). For the same reason, he is not entitled to a recomputed monthly pension benefit that would give him the actuarial equivalent of retroactive benefits."

Defendants' Br. at 2. Elsewhere, they state that "the 'actuarially adjusted pension' that Chambless seeks is the functional equivalent of an award of retroactive benefits." *Id.* at 5.

**3.** The Pension Plan is insured against liability for attorney's fees and litigation expenses incurred in this and another action. *See Sokolowski v. Aetna Life & Casualty Co.*, 670 F.Supp. 1199, 1200 (S.D.N.Y.1987) (Sweet, J.).

any party unless directed by the court." Civil Rule 3(j), Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Plaintiffs have not been so directed, and their affidavits, to the extent that they pertain to reargument, will be disregarded.

### 1. Interest on the Enhanced Benefit

The July 20 opinion addressed the issue of interest on the fee award, not the issue of interest on the actuarially adjusted pension. Chambless now claims that he is entitled to interest on that amount. On the assumption that Chambless argues that the court overlooked a legal matter, reargument will be permitted. Upon reargument, however, his request is denied.

Chambless claims that interest must be computed from October 29, 1984, the date judgment was entered pursuant to the court's decision declaring the forfeiture of his pension until age 65 a nullity and ordering the Plan to award him a wage-related pension based on his 1967–1977 employment record. *See Chambless v. Masters, Mates & Pilots Pension Plan,* 602 F.Supp. 904 (S.D.N.Y.1984) (Carter, J.), *aff'd,* 772 F.2d 1032 (2d Cir.1985), *cert. denied,* 475 U.S. 1012, 106 S.Ct. 1189, 89 L.Ed.2d 304 (1986). Defendants concede Chambless' entitlement to payment of the difference between the amount due under the July 20 decision and the amount that the Plan in fact paid him. They refute his claim to interest on that amount, and argue that any interest due must run from the date of judgment to be entered pursuant to the July 20 decision.

The court is satisfied that defendants are correct. Under 28 U.S.C. § 1961, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court.... Such interest shall be calculated from the date of the entry of the judgment...." 28 U.S.C.A. § 1961 (West's Supp. 1988). Prior to the July 20 decision, Chambless was not deemed entitled to an enhanced pension benefit. Nor was the amount of any such enhancement fixed. The relevant date for the calculation of interest therefore appears to be that of

judgment to be entered pursuant to the July 20 decision. *See Powers v. New York Central Railroad Co.,* 251 F.2d 813, 818 (2d Cir.1958) (interest to be calculated from the date of entry of judgment following increase in money judgment on appeal); *Chemical Bank & Trust Co. v. Prudence–Bonds Corp.,* 213 F.2d 443, 445 (2d Cir.), *cert. denied,* 348 U.S. 856, 75 S.Ct. 80, 99 L.Ed. 674 (1954); *cf. Bailey v. Chattem, Inc.,* 838 F.2d 149, 153–155 (6th Cir.) (disfavoring this "formalistic" rule and following that adopted in the First, Third, Fifth, and Ninth Circuits), *cert. denied,* —— U.S. ——, 108 S.Ct. 2831, 100 L.Ed.2d 931 (1988). Until that time, interest may not accrue.

### 2. Interest on the Fee Award

Plaintiffs also move to reargue the court's decision to deny them interest on the fee award. They present no overlooked matters or decisions that in any conceivable way would entitle them to reargument. Their motion is therefore denied.

*Wells v. Bowen,* 855 F.2d 37 (2d Cir. 1988), handed down after the July 20 decision, requires that the factor of delay in payment "be considered separately from the risks of loss and nonpayment" in a contingent-fee arrangement. *Id.* at 45; *see* Wisehart Letter to Court, Aug. 19, 1988. If plaintiffs mean to suggest that the court failed to take delay into account in assessing a reasonable fee, they are in error. The hourly rates awarded in the July 20 decision were "sufficiently generous ... to ensure that plaintiff will be amply compensated for all delay." *Chambless v. Masters, Mates, Mates & Pilots Pension Plan, et al.,* No. 80 Civ. 4258 (RLC), slip op. at 27–28 (S.D.N.Y. July 20, 1988); *see* Defendants' Br. at 5–10. If plaintiffs merely seek greater compensation for that delay, they are not entitled to reconsideration of that issue. *Wells* affirms the district court's discretion "to decide how much weight to assign to the risks assumed by an attorney." *Wells,* 855 F.2d at 37. If plaintiffs suggest otherwise, they misconstrue the import of that decision.

### 3. Reimbursement for Travel Expenses

Plaintiffs ask the court to reconsider its refusal to permit recovery of costs and

expenses. They err in two respects: (1) The court fully considered 29 U.S.C. § 1132(g)(1) in making its determination[4], and (2) the request for costs and expenses was denied not because plaintiffs were deemed unentitled to recover them but because they had failed to establish their entitlement through adequate documentation. *See Chambless v. Masters, Mates & Pilots Pension Plan, et al.,* No. 80 Civ. 4258 (RLC), slip op. at 31 (S.D.N.Y. July 20, 1988). Plaintiffs present no legal or factual ground for reconsidering that holding, and indeed seem to misunderstand its basis. The motion to reargue is denied.

### 4. Adjournment of 20–Day Period

■ Plaintiffs were given 20 days to prepare and submit further documentation of costs and expenses. They now seek an additional 60 days from the date this decision issues to file the requisite papers. They state that "more time is needed ... in view of the effect of the vacation schedule on the small staff of plaintiff's law firm and its case load. Further, issues raised by this motion may result in an amendment or adjustment in what is allowed." Plaintiffs' Br. at 13.

The request for an additional 60 days is denied. The 20–day period was entirely reasonable given that plaintiffs should have submitted appropriate documentation in conjunction with their initial fee application—a point overlooked by plaintiffs' counsel. Moreover, almost two months have passed since the July 20 opinion issued. Although plaintiffs have made no discernible effort to comply with the 20–day period, the court will assume that, during this period, plaintiffs have made diligent efforts to prepare the appropriate documentation. Plaintiffs have already obtained a measure of the additional time they sought, and although the fault does not rest entirely on the litigants (the court must take some responsibility), this matter has taken far too long in reaching final determination. No additional time will be allowed for further submissions.[5]

### 5. Fee Parity

Plaintiffs request reargument of the fee award on the ground that the court denied them "fee parity." By this novel term, they apparently mean that defendants' counsel were impermissibly paid and reimbursed at higher rates than were plaintiffs' counsel.[6] Defendants' Br. at 19. Such a disparity, plaintiffs maintain, violates 29 U.S.C. § 1132(g), and departs from the mandatory "prevailing-market-rates" standard established in *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), and *Miele v. New York State Teamsters Conf. Pension & Retirement Fund,* 831 F.2d 407 (2d Cir.1987). *See* Plaintiffs' Br. at 8–10.

■ Nothing in plaintiffs' motion merits reconsideration of the fee award. No "controlling decisions or factual matters" previously overlooked have been brought to the court's attention. *Ashley Meadows Farm,* 624 F.Supp. at 857. The court took Section 1132(g) into account, and the fee award was consonant with the "prevailing market rate" standard. That concept means that an attorney is to receive a fee award based on the rates a similarly situated attorney would receive under prevailing market rates. It does not require comparable rates for the attorney receiving an award and opposing counsel. The standard for the court is the prevailing market rates. Defendants' insurance coverage and the concept of "fee parity," although not explicitly addressed in the July 20 decision, have no bearing on the fees to which plaintiffs are entitled. *See Johnson v. University College of University of Alabama,* 706 F.2d 1205, 1208–1209 (11th Cir.), *cert. denied,* 464 U.S. 994, 104 S.Ct. 489, 78 L.Ed.2d 684 (1983); *Mirabel v. General Motors Acceptance Corp.,* 576 F.2d 729,

---

**4.** That section states that "[i]n any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

**5.** Pursuant to Local Civil Rule 3(j), the Baumgarten affidavit, to the extent that it concerned reargument, was ignored.

**6.** Plaintiffs also argue that "fee parity" requires the court to include paraprofessional services in the lodestar calculation. Plaintiff's Br. at 9.

731 (7th Cir.), *cert. denied*, 439 U.S. 1039, 99 S.Ct. 642, 58 L.Ed.2d 699 (1978).

As the Court of Appeals for the Eleventh Circuit has stated:

> The amount of hours that is needed by one side to prepare adequately may differ substantially from that for opposing counsel, since the nature of the work may vary dramatically. The case may have far greater precedential value to one side than the other.... With respect to the hourly rate, one side may employ far more experienced counsel.... [W]e cannot conclude that the district court abused its discretion here [by quashing a subpoena and refusing to admit evidence of fees charged by defense counsel].

*Johnson*, 706 F.2d at 1208 (citations omitted). Moreover, fee parity, as plaintiffs define it, would enable a plaintiff to press "questionable claims ... [that] could force a defendant to incur substantial fees which [plaintiff] later [could] use[ ] as a basis for his own fee claim." *Mirabel*, 576 F.2d at 731. Even were this concern groundless here, plaintiffs had "many avenues to obtain evidence to support their fee petition." *Id.* Although their submissions ultimately were nearly useless to the court, that fact did not prevent the court from assessing what it believes to be a reasonable fee.

The court's implicit rejection of the concept of "fee parity" is therefore not subject to reargument on the instant showing. Moreover, plaintiffs' requests for discovery of defendants' billings and for findings of fact based on defendants' insurance coverage are denied.

## II. Supplemental Fee Application

■ Plaintiffs also seek a supplemental fee award of over $90,000 for approximately 500 hours of service rendered from April, 1987, through August, 1988. The preceding fee request covered work performed only up through April 24, 1987. The instant fee request includes hours ex-

pended on the following: (1) the motion to amend the judgment in order to specify the amount of plaintiff's monthly pension; (2) the former fee application and the instant one; and (3) the motion to strike the Kaplan affidavit, the motion for sanctions, and the motion for recusal.

In addition, plaintiffs request fees for time expended by four individuals—Ingrid Marino, Robert C. Reichelscheimer, Scott M. Yaffe, and Marlaine M. Cragg—whose hours were excluded from the original fee award because plaintiffs did not make it clear to the court whether these individuals were attorneys. *See Chambless v. Masters, Mates & Pilots Pension Plan*, No. 80 Civ. 4258 (RLC), slip op. at 43 n. 11 (S.D.N.Y. July 20, 1988). This request brings new factual matters to the court's attention and therefore is not properly treated as a motion for reargument. The requested fees will be regarded as part of the supplemental fee application.

### A. Fees for the Four Individuals

Having failed to identify clearly the four individuals named above, plaintiffs now come forward with affidavits that show the following: Marino was admitted to the Bar in 1982 and billed 129.70 hours; Reichelscheimer was admitted to the Bar in 1983 and billed 3 hours; Yaffe was admitted to the Bar in 1984 and billed 1.5 hours; and Cragg was admitted to the Bar in 1986 and billed 183.75 hours.[7] Rowe Aff't, ¶ 4. Based on a requested hourly rate of $55 for each individual,[8] with which the court will not quarrel, the requested fees total $17,-487.25.

■ Although plaintiffs' piecemeal approach to obtaining fees is far from laudable, the court is mindful of its obligation to determine and award a reasonable fee in this case. *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 872 (2d Cir.1987). Therefore, additional fees will not be denied outright, although, as dis-

---

7. Defendants state the following dates of admission: Marino, 5/12/82; Reichelscheimer, 6/1/83; Cragg, 10/29/86; and Yaffe, 5/7/84. Baumgarten Aff't, ¶ 5; Exh. C.

8. With one exception, this is the same rate requested in the original fee application. The rate originally requested for Cragg was $65 per hour. *See* Fee Application, ¶ 27 at 15.

cussed below, the court finds it appropriate to reduce the amount requested to reflect the fact that plaintiffs' fragmented approach has undoubtedly inflated the number of hours expended on this case.

As defendants point out, a substantial number of the hours expended by Marino, Reichelscheimer, Yaffe, and Cragg preceded each individual's admission to the Bar and thus are not compensable at hourly rates. Marino's overall time figures will accordingly be reduced by 38 hours, Reichelscheimer's by 14.5 hours, Cragg's by 165.25 hours, and Yaffe's by 1 hour. *See* Baumgarten Aff't, ¶¶ 6–7 and Exh. B. The following hours will be included in the supplemental fee award: 96.7 hours for Marino; .35 hours for Yaffe; and 23.8 hours for Cragg. For reasons set forth in the fee decision, these time figures will be reduced by 30 percent. *See Chambless v. Masters, Mates & Pilots Pension Plan,* No. 80 Civ. 4258 (RLC), slip op. at 32–33 (S.D.N.Y. July 20, 1988). Adopting the proposed rate of $55 per hour, the court finds plaintiffs entitled to an additional $5,051.20 in fees.[9]

### B. Additional Fees

Plaintiffs also seek $90,195 in fees on the basis of newly submitted affidavits and time sheets. Defendants object to the supplemental fee request on several grounds: (1) Chambless has presented no excuse for his failure to incorporate all compensable time into the original fee application; (2) the motions for sanctions, recusal, and to strike the Kaplan affidavit were frivolous; and (3) the work performed after April, 1987, for which Chambless now seeks to recover, was necessary only because Chambless's prior fee application and motion to amend the judgment were unsuccessful. Defendants' Br. at 12–14. Defendants ask that the fee application be denied outright; alternatively, they seek a chance to respond to the application in detail. *Id.* at 13.

◼ The court agrees with defendants that the motions for sanctions, recusal, and to strike the Kaplan affidavit do not merit a recovery of fees. An award of fees pursuant to 29 U.S.C. § 1132(g)(1) is discretionary. "Section 1132(g) ... does not award attorney's fees to the prevailing party outright; but rather, allows for attorney's fees for either party in accordance with the district court's discretion." *McKnight v. Southern Life & Health Ins. Co.,* 758 F.2d 1566, 1572 (11th Cir.1985); *see Bittner v. Sadoff & Rudoy Industries,* 728 F.2d 820, 828–830 (7th Cir.1984). The fee applicant is obligated to "make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1939. Should the applicant fail to do so, the court is obligated to exclude unrecoverable hours on its own initiative.

Plaintiffs' motions for recusal, sanctions, and to strike were baseless. The court cannot in good conscience assess the resulting fees to defendants. *Cf. Bittner,* 728 F.2d at 828 (district court has discretion to deny fees for suit "so completely without hope of succeeding that the court can infer that the plaintiff brought it to harass the defendant rather than to obtain a favorable judgment"). As the court stated in *Boe v. Colello,* 447 F.Supp. 607, 610 (S.D.N.Y. 1978) (Weinfeld, J.):

Any expenditure of time beyond that which is reasonably required suggests either inexperience and devotion of more time than warranted to fairly and proper-

---

**9.** This figure was calculated as follows:

| Attorney | Recoverable Hours | Less 30% | Rate | Total |
|---|---|---|---|---|
| Marino | 96.7 | 67.69 | $55 | $3,722.95 |
| Reichelscheimer | 0.0 | 0.0 | $55 | 0.0 |
| Yaffe | .5 | .35 | $55 | 19.25 |
| Cragg | 34.0 | 23.8 | $55 | 1,309.0 |
| TOTAL: | | | | $5,051.2 |

ly present claims or, alternatively, that the attorneys, however experienced, engaged in dilettantism; a losing side is not required to pay for such indulgences. Plaintiffs' time figures will therefore be reduced by the 39 hours expended on these motions.[10]

Although the court is not bound to award fees for time expended on a fee application, *see Woods v. State of New York*, 494 F.Supp. 201, 205 (S.D.N.Y.1980) (Weinfeld, J.); *Boe*, 447 F.Supp. at 610 & n. 14, in this Circuit "time reasonably spent by plaintiff's attorneys in establishing their fee [is] compensable." *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir.1979), *aff'd*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980). In general, the court agrees with the rationale stated in *Gagne* and elsewhere that a refusal to award fees incurred in connection with the fee application would tend to dilute the fee award and thus to undermine the very purpose of awarding fees. Therefore, the recovery of fees incurred on the fee applications will not be denied outright.

■ Defendants suggest that plaintiffs' piecemeal approach to the fee award renders this general principle inapplicable. Although they fail to specify in what manner plaintiffs' approach has been prejudicial, the court is persuaded that plaintiffs would have incurred fewer fees and related costs had they submitted a single, comprehensive fee application. Not only have plaintiffs incurred additional fees and costs as a result of their protracted approach to obtaining fees, but plaintiffs have imposed correspondingly greater fees and costs upon defendants. That fact may constitute grounds for reducing plaintiffs' fee request, but it does not permit the court to deny the fee request altogether. As the Court of Appeals has stated, "[t]o the extent that Chambless' actions were 'vexatious[ ] and wasteful[ ],' he is obviously pe-

nalized by not recovering any attorney's fees for those efforts. This does not affect his right to a reasonable attorney's fee for his successful claim." *Chambless*, 815 F.2d at 872.

Nor is plaintiffs' supplemental application so untimely as to be denied on the ground that it "unfairly surprise[d] or prejudice[d] the affected party." *White v. New Hampshire Dep't of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (holding that a fee application under 42 U.S.C. § 1988 is not governed by the 10–day limit imposed on motions to amend judgment under Rule 59(e), F.R.Civ. P.). Defendants do not claim to have been caught off guard by the instant request, and any elements of prejudice, to the extent that they have involved exposing defendants to greater liability for fees and costs, are properly redressed by reducing the requested award, not by denying it altogether.

In sum, the court finds it unreasonable and unfair to subject defendants to liability that might have been avoided had plaintiffs' fee application been inclusive from the start. Plaintiffs do not explain their failure to incorporate all compensable time in a single fee application. The court will reduce plaintiffs' time figures by 40 percent to ensure that needlessly expended hours, namely, those imposed upon defendants as a result of plaintiffs' piecemeal approach to obtaining fees, are excluded from the fee award. The resulting number of recoverable hours is 277.8.

To arrive at a reasonable lodestar figure, the court will employ the Phase II hourly rates stated in the July 20 decision: Arthur M. Wisehart will receive $200 per hour for 66.6 recoverable hours billed in 1987 and 11.55 billed in 1988 [11]; John W. Whittlesey will receive $150 per hour for 25.8 recoverable hours billed in 1987 and .3 billed in

---

**10.** The supplemental fee application reveals that plaintiffs' counsel billed 39 hours in May and June, 1988, in connection with these motions. *See* Supplemental Fee Application, ¶ 14 at 5 & Exh. A.

**11.** Wisehart's 1988 time figure was reduced by 39 hours to reflect time expended on the motions for which fees were denied. *See* Supplemental Fee Application, Exh. A at 9.

1988; Steven L. Lim will receive $100 per hour for 58.05 recoverable hours billed in 1987; and Paula C. Rowe will receive $65 per hour for 20.7 recoverable hours billed in 1987 and 6.3 billed in 1988.[12] Plaintiffs' proposed hourly rates for Marlaine M. Cragg, Janet S. Sussman, and Russell G. Pelton are reasonable and will be adopted. Thus, Cragg will receive $65 per hour for 3 recoverable hours billed in 1987; Sussman will receive $45 per hour for .6 recoverable hours billed in 1987; and Pelton will receive $165 per hour for 81 recoverable hours billed in 1987 and 3.9 billed in 1988. The resulting lodestar figure is $41,335.50.[13]

### C. Erroneously Included Hours

■ Defendants point out that Paula C. Rowe, whose 350.75 hours were deemed recoverable at a rate of $55 per hour in the original fee award, was not admitted to the Bar until March 7, 1984. It appears that 274 hours worked in 1983, and 1 hour worked in 1984, preceded her Bar admission and were improperly included in the

lodestar figure. Baumgarten Aff't, ¶ 8. Therefore, the court will reduce the fee award by $10,587.50.[14]

### III. Conclusion

Upon reargument, and for the reasons set forth above, plaintiffs are entitled to an adjusted fee award totalling $451,990.50.[15] Defendants' request for additional time to respond to the supplemental fee application is denied.[16] All remaining arguments advanced by the parties have been fully considered and are found to lack merit.

IT IS SO ORDERED.

---

12. Plaintiffs are not entitled to reargue the rate applied to Rowe in the July 20 decision.

13. The lodestar calculations follow:

| Attorney | Recoverable Hours | Less 40% | Rate | Total |
|---|---|---|---|---|
| Wisehart | | | | |
| ('87) | 111.0 | 66.6 | $200 | $13,320.0 |
| ('88) | 19.25 | 11.55 | $200 | $ 2,310.0 |
| Whittlesey | | | | |
| ('87) | 43.0 | 25.8 | $150 | $ 3,870.0 |
| ('88) | .5 | .3 | $150 | $ 45.0 |
| Pelton | | | | |
| ('87) | 135.0 | 8.10 | $165 | $13,365.0 |
| ('88) | 6.5 | 3.9 | $165 | $ 643.5 |
| Rowe | | | | |
| ('87) | 34.5 | 20.7 | $ 65 | $ 1,345.5 |
| ('88) | 10.5 | 6.3 | $ 65 | $ 409.5 |
| Sussman | | | | |
| ('87) | 1.0 | .6 | $ 45 | $ 27.0 |
| Cragg | | | | |
| ('87) | 5.0 | 3.0 | $ 65 | $ 195.0 |
| Lim | | | | |
| ('87) | 96.75 | 58.05 | $100 | $ 5,805.0 |
| TOTAL: | | | | $41,335.5 |

---

14. Rowe's 275 erroneously included hours were reduced by 30 percent, and the resulting total, 192.5 hours, was multiplied by an hourly rate of $55, to yield a total overpayment of $10,587.50.

15. This figure reflects all of the adjustments to the fee award specified herein.

16. Defendants provide no explanation or authority for this request, and the court is unwilling to prolong this litigation further by granting it.