**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (NAACP), and New Haven Branch of the NAACP, Plaintiffs,**

v.

**TOWN OF EAST HAVEN and East Haven Board of Education, Defendants.**

**No. Civ. 393CV1050(PCD).**

United States District Court, D. Connecticut.

March 22, 1999.

David N. Rosen, Rosen & Dolan, P.C., New Haven, Connecticut, David L. Rose, Joshua Rose, Washington, D.C., for plaintiffs.

Hugh F. Keefe, Lynch, Traub, Keefe & Errante, New Haven, Connecticut, for defendants.

## RULING ON MOTIONS FOR ATTORNEYS' FEES

DORSEY, District Judge.

Currently pending are cross motions for attorneys' fees. As discussed below, plaintiffs' motion is granted and defendants' motion is denied.

## I. INTRODUCTION

The parties move pursuant to 42 U.S.C. §§ 2000e *et seq.* Plaintiffs National Association for the Advancement of Colored People and New Haven Branch of the NAACP (collectively, "NAACP") initiated this action to remedy racial discrimination in the hiring practices of the defendants Town of East Haven and East Haven Board of Education (collectively, "East

Haven"). NAACP claimed both discriminatory intent and disparate impact. No discriminatory intent as to specific employment was shown nor, in the final analysis, claimed. What was claimed and found proven was a disparate impact on hiring of blacks such that East Haven had but one black employee over a substantial period. Before the suit was started, East Haven acquiesced in an NAACP demand for a more extensive employment recruiting program reaching out to the black community. It articulated resistance to payment of legal fees. NAACP did not then attempt to negotiate a detailed agreement but unilaterally ended the discussion and filed the complaint. Following a bench trial, judgment entered in the form of a decree which essentially ordered East Haven to undertake an outreach program to encourage and inform more qualified blacks to become aware of opportunities for employment by East Haven and to apply therefor. East Haven had previously agreed in essence to such a program during negotiations

Both NAACP and East Haven now claim to be a prevailing party and seek an award of attorney's fees and costs, in the amounts of $500,650 and approximately $250,000 respectively. By virtue of the judgment and decree, NAACP qualifies as a prevailing party and is eligible for an award. East Haven is not. However, the inquiry does not end there. Before the suit was started, NAACP had in hand its objective of a greater public awareness of the availability of East Haven employment to blacks. The demand for attorney's fees was the sole unresolved issue when suit was brought. Five years of litigation, in which NAACP achieved the formalization of a detailed outreach program to which East Haven claims it was essentially agreeable before litigation, resulted in the substantial legal fees sought. East Haven

claims that their incurral was not reasonably necessary.

As it has achieved a judgment within the relief sought in the complaint, NAACP is a prevailing party. However, its entitlement to attorney's fees is limited to reimbursement for services as were reasonably necessary to achieve the judgment.

## II. FACTS

This dispute surfaced in 1988 when the NAACP began an investigation as part of its Suburban Litigation Program. NAACP filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and obtained in a right to sue notice from the EEOC dated July 26, 1990.[1] After meeting with East Haven officials, NAACP allowed the letter to expire without bringing suit. It continued its investigation throughout 1991 and 1992. It filed a second discrimination claim in April 1992 and obtained a second right to sue letter February 23, 1993.

In March 1992 NAACP and East Haven resumed settlement discussions which continued into 1993. Through correspondence and discussion, the parties appeared to reach agreement except on the payment of attorney's fees. On April 19, 1993, Attorney Michael Albis, East Haven counsel, wrote NAACP counsel, "it would seem that we have little in dispute and should be able to resolve this matter amicably." NAACP's letter of May 4, 1993, listed four elements for a settlement: 1) aggressive recruiting; 2) a public agreement; 3) a provision allowing the plaintiffs to go to court without a new right to sue letter, should the need for enforcement arise; and 4) attorneys' fees. Attorney Albis informed NAACP Attorney Stephanie Rones that the town agreed to all of the items except attorney's fees which remained unresolved. In addition he wrote that he had forwarded the proposal to town officials for their review. NAACP did not communi-

---

1. An EEOC right to sue letter allows a plaintiff to sue. It expires after 90 days. *See* 42 U.S.C. § 2000e–5(f)(1).

cate further with East Haven and filed this lawsuit two weeks later.

This case was tried on the discriminatory intent and disparate impact claims. Trial was suspended to allow NAACP to add East Haven Board of Education as a defendant and additional disparate impact claims. Judgment entered in June 1998 essentially ordering items 1–3 of NAACP's May 4, 1993 letter, but with greater specificity.

## III. *DISCUSSION*

### A. *The Prevailing Party Threshold*

■ Title VII entitles a prevailing party to a reasonable attorneys' fee, at the district court's discretion. 42 U.S.C. § 2000e–5(k); *Hensley v. Eckerhart*, 461 U.S. 424, 431, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). This statutory threshold does not present a significant obstacle. *See Texas Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 790, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). "Plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue .... which achieves some of the benefit the parties sought in bringing the suit." *Hensley*, 461 U.S. at 433, 103 S.Ct. 1933 (citations and quotations omitted). Plaintiff is not required to prove all the asserted claims. *Id.* at 435, 103 S.Ct. 1933; *Grant v. Martinez*, 973 F.2d 96, 101 (2d Cir.1992). A mixed result has no adverse affect on fee eligibility so long as all claims relate to a common core of facts or related legal theories. *Hensley*, at 435, 103 S.Ct. 1933.

■ "[P]laintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Garland*, 489 U.S. at 792, 109 S.Ct. 1486. A plaintiff may meet this requirement only in the most technical sense and still qualify, whether by court judgment, settlement or consent decree. *See, e.g., Farrar v. Hobby*, 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (plaintiff who sued for $17 million and received nominal damages considered a prevailing party for the purposes of the statute); *Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980) (prevailing party on the basis of settlement). For eligibility, the "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *Garland*, 489 U.S. at 792–793, 109 S.Ct. 1486.

### B. *Plaintiff's Motion for Attorneys' Fees*

■ East Haven challenges NAACP's entitlement to attorneys' fees on the grounds that NAACP was not the prevailing party, that NAACP attained an insufficient degree of success, and that NAACP rejected in settlement the relief finally ordered.

East Haven initially argues that NAACP is not a prevailing party because it alleged intentional discrimination and disparate impact and the former claim was not proven. *See* Memorandum of Decision date March 23, 1998 ("Memorandum"), at p. 17. Regarding the latter claim, East Haven asserts that every element of the relief obtained by the plaintiff was either already in place or had been offered by East Haven before the suit was filed and thus NAACP did not thereby alter the legal relationship between the parties.

NAACP's lack of success on its discriminatory intent claim does not preclude its eligibility. Both claims arise from the same core facts and constitute two prongs of a single legal theory. Each addresses racial discrimination in East Haven's hiring practices and, as such, "cannot be viewed as a series of discrete claims." *Hensley*, 461 U.S. at 435, 103 S.Ct. 1933.

■ The relief dictates whether NAACP prevailed. *See Id.* Judgment resulted in a Decree. East Haven's claim that before suit it met, and continues to meet, its obligations under the Decree, does not detract from the fact that this

litigation changed the legal relationship between NAACP and East Haven. *See Farrar,* 506 U.S. at 111, 113 S.Ct. 566; *Ruggiero v. Krzeminski,* 928 F.2d 558, 564 (2d Cir.1991) (finding that plaintiffs' rights were violated, without compensatory damages, changes relationship). For example, NAACP may seek a court order to enforce this decree, which it could not do previously. *See, e.g., Eirhart v. Libbey–Owens–Ford Co.,* 996 F.2d 846, 850 (7th Cir.1993) (civil rights litigation included enforcement of consent decree, for which plaintiff awarded attorneys's fees). NAACP has obtained relief of the nature sought and thus qualifies as a prevailing party.

■ Nonetheless East Haven argues that discretion to award fees under § 2000e–5(k) should not be exercised as plaintiff obtained only minimal success. *See Farrar,* 506 U.S. at 115, 113 S.Ct. 566; *LaRouche v. Kezer,* 20 F.3d 68, 72 (2d Cir.1994) (no fee award for *de* minimis or technical victory). East Haven argues that notwithstanding years of litigation, the addition of new defendants and the expansion of its legal claims, NAACP achieved no greater success than was available to it before suit. This argument does not support denial of fees. While NAACP's achievement in this litigation fell short of its ambitions, its success is not *de minimis.* East Haven's argument more strongly applies to the amount of fees, where the degree of success constitutes the most significant factor. *Hensley,* 461 U.S. at 436, 103 S.Ct. 1933.

■ Lastly, East Haven contends that NAACP is not eligible for fees because it rejected an offer of settlement. A party's settlement conduct is relevant to the amount of an award. *See e.g., Sheppard v. Riverview Nursing Center, Inc.,* 88 F.3d 1332, 1337 (4th Cir.1996) ("a court may consider a plaintiff's rejection of a settlement offer as one of several factors generally informing its discretionary inquiry ..."); *E.E.O.C. v. Nutri/System, Inc.,* 685 F.Supp. 568, 577 (E.D.Va.1988) (settlement demands noted in attorneys' fee analysis).

Nevertheless, NAACP's posture in settlement does not preclude its eligibility; it is eligible for efforts necessary to bring the case to settlement. *See Maher,* 448 U.S. at 129, 100 S.Ct. 2570; *also see, e.g., Richard v. Pasadena,* 889 F.Supp. 384, 388 (C.D.Cal.1995) (voluntary efforts short of full adjudication merit award of fees).

### C. *Defendant's Motion for Attorneys' Fees*

East Haven moves for attorney's fees on the grounds that it prevailed on the claims of disparate impact and discriminatory intent and that it substantially offered to meet all of NAACP's demands before litigation. East Haven points to NAACP's failure to prove discriminatory intent. Regarding disparate impact, East Haven argues that the judgment subjected it to no more than what it already did or, in settlement, offered to do; thus NAACP did not advance its position and East Haven prevailed.

■ The statute protects plaintiffs in the pursuit of legitimate claims who, for whatever reason, do not obtain a judgment in their favor. "[Congress] wanted to protect defendants from burdensome litigation having no real or factual basis." *Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 417(978), 98 S.Ct. 694, 54 L.Ed.2d 648. A "plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id.* at 422, 98 S.Ct. 694.

■ East Haven's argument falls short both factually and legally. Although East Haven may consider the end result a positive one, it does not qualify as a prevailing party. As previously discussed, NAACP is a prevailing party as a matter of law. East Haven cannot prevail where NAACP has prevailed. *Id.* at 421, 98 S.Ct. 694 ("a district court may in its discretion award

attorney's fees to a *prevailing defendant* ...") (emphasis added).

East Haven also suggests that NAACP's behavior in settlement entitles it to attorney's fees. A suit with merit at the outset can become frivolous when later events demonstrate a lack of merit. *Id.* at 421, 98 S.Ct. 694; *Greenberg v. Hilton Int'l Co.,* 870 F.2d 926, 940 (2d Cir.1989), *vacated on other grounds,* 875 F.2d 39 (2d Cir.1989). NAACP proceeded with the litigation and ultimately prevailed. The judgment confirms that NAACP's claims were not frivolous, unreasonable, or without foundation.

East Haven has not proven that it is a prevailing party nor that NAACP's claims were frivolous. At most East Haven has shown that NAACP could have obtained the same relief by settlement and without incurring, or causing, the legal fees resulting from the trial. That fact does not entitle East Haven to attorney's fees and its motion is denied.

### D. *Amount of Award*

#### 1. *Degree of Success Obtained*

■ The amount of fee awarded to a prevailing party, or whether any fee will be awarded, presents a different question from eligibility. *Farrar,* 506 U.S. at 114, 113 S.Ct. 566. As the statute provides, the award must be reasonable. 42 U.S.C. § 2000e–5(k); *see also, Hensley,* 461 U.S. at 433, 103 S.Ct. 1933. "[T]he district court has wide discretion in determining the amount of an attorney's fee award; [and] absent an abuse of discretion or an error of law we will not disturb the district court's assessment of the appropriate fee award." *Grant,* 973 F.2d at 99; *see also, Hensley,* 461 U.S. at 437, 103 S.Ct. 1933; *Chambless v. Masters, Mates & Pilots Plan,* 885 F.2d 1053, 1057–58 (2d Cir.1989). Reasonableness is measured in the amount awarded but also as to the necessity for the work performed.

■ "[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Farrar,* 506 U.S. at 114, 113 S.Ct. 566 (quoting *Hensley,* 461 U.S. at 436, 103 S.Ct. 1933). A plaintiff is not due an award on the basis of nominal or technical success, in spite of eligibility as a prevailing party. *Farrar,* 506 U.S. at 115, 113 S.Ct. 566 ("When a plaintiff recovers only nominal damages ... the only reasonable fee is usually no fee at all."); *LaRouche,* 20 F.3d at 72 (no award despite interim injunctive relief where party does not succeed on merits at any stage including appeal). "[W]here a plaintiff has obtained excellent results, his attorney should recover a full compensatory fee." *Hensley,* 461 U.S. at 435, 103 S.Ct. 1933. If a plaintiff obtains "limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Id.*

"Limited success" and "excellent results" are not clearly defined. *Hensley* sets general guidelines without specifying criteria. The district court must address reasonable factors. *See City of Riverside v. Rivera,* 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986). The inquiry requires broad consideration of the entire litigation and close knowledge of the facts of the case and the final judgment. *Hensley,* 461 U.S. at 437, 103 S.Ct. 1933; *also see Davis v. Southeastern Pennsylvania Trans. Auth.,* 924 F.2d 51, 55 (3d Cir.1991) ("The lower court judges have had an obligation to breathe more specificity into the meaning of these terms.").

■ NAACP achieved more than nominal success. The final Decree mandates an aggressive program to recruit minorities to East Haven's employ, a positive result for NAACP. However, factors apparent immediately before the lawsuit began, suggest that NAACP did not obtain "excellent results," for statutory purposes, at least by means of the litigation. East Haven then complied with some of the Decree's provisions. East Haven's presuit settlement position entailed substantially all of the relief ultimately obtained. NAACP's pursuit of this case to judgment

formalized, by the decree, what was available in East Haven's willingness to modify its hiring practices as articulated in its responses to NAACP's pre-suit demands. All of these facts bear on its degree of success. *See, e.g., Vocca v. Playboy Hotel of Chicago*, 686 F.2d 605 (7th Cir.1982) (behavior of litigant bears on amount of fee award). The legal services on which NAACP bases its motion did not substantially enhance its legal relationship to East Haven over the relationship that was at hand had NAACP pursued East Haven's willingness to modify its hiring practices as stated by Atty. Albis. It cannot be said that the litigation "change[d] the legal relationship between itself and defendant." *Garland*, 489 U.S. at 792, 109 S.Ct. 1486. The judgment, in comparison to what was available in May, 1993, suggests limited success from the lawsuit.

NAACP pursued this lawsuit apparently only after its claim of attorney's fees was not accepted. NAACP made its demands of East Haven, to which the town assented, reserving only the issue of attorney's fees. NAACP did not reasonably pursue this lawsuit when what it sought of the town was agreeable to East Haven, except for its claim for fees. Settlement then would have brought about the changes NAACP sought. Congress envisioned that faced with the relief available under the statute certain defendants would respond voluntarily to charges of discrimination. *See* H.Rep. No. 1558, 94th Cong., 2d Sess. 9, U.S.C.C.A.N.1976, p. 2641; *Maher*, 448 U.S. at 129, 100 S.Ct. 2570.

NAACP's failure to settle the dispute, or at least to pursue negotiation further also constitutes a factor to be considered in a fee award. *See, e.g., Vocca*, 686 F.2d at 607 (successful age discrimination plaintiff's rejection of settlement offer only slightly less than amount ultimately agreed upon held to substantiate trial court finding that the litigation was unduly prolonged and denial of attorney's fees); *Sheppard*, 88 F.3d at 1337; *Nutri/System*, 685 F.Supp. at 577 ("[A] party should not

be permitted to increase a fee award by making unreasonable settlement demands that unnecessarily prolong the litigation."). Under somewhat similar circumstances in *Vocca*, fees were denied entirely. 686 F.2d at 607–608. It is noteworthy that NAACP was obliged for slightly over $5,000 in fees by May, 1993, approximately 1% of the total expenses for which they seek reimbursement.

NAACP argues that the issue of fees remained outstanding, thus necessitating a the litigation and trial. This is not merited. The statute authorizes award of a reasonable attorney's fee "[i]n any action or proceeding under this subchapter." 42 U.S.C. § 2000e–5(k). When Atty. Albis stated the town's acquiescence in all but the fee demands, there was no "action or proceeding" pending and there was then no statutory entitlement to a fee. Plaintiff does not have cause to sue to resolve a dispute which centers on a claim for fees for which there was no statutory authority until after the suit was brought. Initiation of the suit served only the purpose of qualifying NAACP to be awarded a fee. Fees should not be sought for their own sake. *See Rivera*, 477 U.S. at 580, 106 S.Ct. 2686 (cautions against using statutory fee awards to produce "windfalls to attorneys" (citations omitted)). Had NAACP then settled, it could have sued for the limited purpose of adjudicating its eligibility and entitlement to an award of attorney's fees. *See, e.g., Vocca*, 686 F.2d at 606. Such a course of action would have avoided the substantial legal expense of defending this suit and the dispute as to NAACP's entitlement would have concerned fees of approximately $5,000 as opposed to the present claim of over $500,-000.

The purpose of § 2000–5(k) as part of sub-chapter II, Chapter 21, Title 42, is to promote conflict resolution through conciliation rather than through litigation. *U.S. v. City of Hialeah*, 899 F.Supp. 603 (S.D.Fla.1994); *McCarthy v. Cortland County Community Action Pro-*

*gram, Inc.,* 487 F.Supp. 333 (S.D.N.Y. 1980). Fee recovery is intended to encourage counsel to represent those with meritorious claims of discrimination and to seek statutory relief. *Copeland v. Marshall,* 594 F.2d 244 (D.C.Cir.1978); *Parker v. Califano,* 561 F.2d 320 (D.C.Cir.1977). Congress cannot have intended to impose a claimant's attorney's fees on an alleged discriminator which, without being sued, agrees to modify its conduct as demanded to eliminate the asserted discrimination. Trial has substantially increased counsels' fees, the prospect of which would have created a conflict of interest if counsel were substantially involved in the decision to sue or settle with or without reserving the right to seek adjudication of NAACP's eligibility and entitlement to an award of the fees then incurred. *See, e.g., Davis v. Southeastern Pennsylvania Transp. Auth.,* 735 F.Supp. 158, 161 (E.D.Pa.1990) (conflict of interest where attorney did not move for new trial on basis of inadequate damages for fear of losing entitlement to fee award); *Munoz v. Arizona State University,* 80 F.R.D. 670, 671 (D.Ariz.1978) (inherent conflict of interest for class action counsel to negotiate simultaneously class settlement and individual attorney's fee).

NAACP passed up benefits in suing rather than settling. A fee award has value for the plaintiff, not diminished where plaintiff is a publicly-supported organization such as NAACP. *Domingo v. New England Fish Co.,* 727 F.2d 1429, 1447 (9th Cir.1984) (representation by a public interest group compensated equally as private litigants). Nevertheless, NAACP could have avoided a trial, including the risk of not recouping the resulting attorney's fees. It could have fashioned its relief through settlement and have had that relief in 1993 instead of five years later. *See Richard,* 889 F.Supp. at 390 (no

benefit to plaintiffs in litigation prolonged after achieving their goals).

NAACP argues that suit was started on the eve of the expiration of its right-to-sue letter, leaving it no choice but to file suit then. However, it had allowed a prior right-to-sue letter expire. It made no effort to extend the second one. There is no showing that a third letter could not have been obtained; the alleged discrimination continued.

NAACP argues that its stance on settlement should not affect its motion as East Haven has not come within Fed.R.Civ.P. 68, under which plaintiff pays defendant's costs if a rejected offer exceeds the recovery. Rule 68, which East Haven has not invoked, does not affect fee shifting statutes. *See Marek v. Chesny,* 473 U.S. 1, 11, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) ("Section 1988 encourages plaintiffs to bring meritorious civil rights suits; Rule 68 simply encourages settlements. There is nothing incompatible in the two objectives.") NAACP's citation of *Cowan v. Prudential Ins. Co. of America,* 728 F.Supp. 87, 92 (D.Conn.1990), *rev'd on other grounds,* 935 F.2d 522 (2d Cir.1991), is misplaced for Judge Winter there dealt with settlement discussed after suit was brought but before trial and declined to bar plaintiff's fee recovery, treating the case under Rule 68. NAACP's motion is determined under the statute, not under Rule 68.

### 2. *Computation of NAACP's Award*[2]

 Where a plaintiff obtains excellent results in litigation, fee awards generally follow the "Lodestar Method", in which the product of hours reasonably expended times a reasonable hourly rate is a baseline award. Other considerations may prompt upward or downward adjustments to the lodestar figure. *See Grant,* 973

---

**2.** East Haven does not address the reasonableness of NAACP's hour and rate submissions but requests leave to submit additional memoranda to contest the issue. Another round of briefing would risk a "second major litigation", which the statute strives to prevent. *See Hensley,* 461 U.S. at 437, 103 S.Ct. 1933. East Haven has had ample opportunity to respond.

F.2d at 101. In cases of limited success the lodestar method is not necessarily followed at all:

> "If, on the other hand, a plaintiff has achieved only partial or limited success, the [lodestar method] may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. [T]he most critical factor is the degree of success obtained."

*Hensley*, 461 U.S. at 436, 103 S.Ct. 1933; *see also, Farrar*, 506 U.S. at 115, 113 S.Ct. 566 (no fees for prevailing plaintiff). The degree of success also does not create a formula; "proportionality rules" have been rejected. *Rivera*, 477 U.S. at 571, 106 S.Ct. 2686 (rejecting proportionality in all circumstances by a 4–1–4 decision); *Cowan v. Prudential Insurance Co. of America*, 935 F.2d 522, 526 (2d Cir.1991). In cases of limited success, there must be an "assessment of what is a reasonable fee under the circumstances of the case." *Farrar*, 506 U.S. at 115, 113 S.Ct. 566 (internal quotation and citations omitted); *see, e.g., Myree v. Local 41, Int'l Bhd. of Elec. Workers*, 847 F.Supp. 1059 (W.D.N.Y.1994) (fee award reduced by 75% due to limited success).

■ NAACP seeks $445,215 in fees and $55,435 in costs, almost all attributable to trial. In May 1993, NAACP could have achieved its objectives via settlement, with the possible exception of recovery of fees and costs. At that point, NAACP had only incurred approximately $3,000 in expenses.[3] Thus, the litigation hoped to achieve only a fee award. Civil rights laws serve the public, not attorneys' employ-ment. *Rivera*, 477 U.S. at 580, 106 S.Ct. 2686. Reimbursement for NAACP's legal work up to the point at which it secured its goals is warranted. *See, e.g., Eirhart*, 996 F.2d at 851. This point occurred in May, 1993, when East Haven met NAACP's substantive demands with respect to its hiring practices. The litigation did not advance substantially beyond that to which East Haven then agreed.

Through May, 1993, Attorney David L. Rose spent .75 hours, in a supervisory role. Attorney Joshua N. Rose spent 14 hours, mostly on correspondence and factual investigation. These expenses are recoverable. NAACP claims approximately 70 hours for Attorney Stephanie Rones without documentation. Without billing records or even an affidavit, an award to the extent claimed for Attorney Rones's work is not justified. However of necessity she had to have spent some time doing the work which constituted the foundation on which the Rose firm built when it took over the case. As best the court can assess what that work necessarily entailed, 35 hours is allowed. Attorney Joshua Rose also spent 9.9 hours on the fee application.[4] The cost of this work is also recoverable.

Attorney David Rose requests $330 per hour. He has practiced law for over 40 years. He is a lawyer of great experience, integrity and professional stature. The rate claimed is reasonable for a lawyer of his capability. Attorney Joshua Rose requests $195 per hour for work through July, 1994, and $230 per hour since then. Attorney Joshua Rose has practiced law since 1987 with experience in civil rights litigation. A rate is $195 is reasonable for all his work. Ms. Rones's experience is comparable to that of a junior associate and would justify an hourly rate of $155.

---

**3.** NAACP also requests compensation for 70 hours expended by Attorney Stephanie Rones, for whom it could not locate any records. NAACP never submitted any additional material documenting Attorney Rones's efforts.

**4.** Attorney Joshua Rose claims additional time was spent on the fee petition. No further documentation has been submitted. No entitlement to its additional time has been proven.

Through May, 1993, NAACP incurred fees in the amount of $8,402.50 as follows: Attorney Joshua Rose, 14 hours at $195 per hour, $2,730; Attorney David Rose, .75 hours at $330 per hour, $247.50; Attorney Stephanie Rones 35 hours at $155 per hour, $5425. In June, 1998, Attorney Joshua Rose spent 9.9 hours at $195 per hour, $1,930.50. NAACP also incurred costs of $33.20 for fax and copies, which are appropriate. The total award to NAACP is $10,366.20.

## IV. *CONCLUSION*

Plaintiff's motion for attorney's fees and costs [Doc. #·198] is GRANTED in the amount of $10,366.20. Defendants' motion [Doc. # 195] is DENIED.

SO ORDERED.